Norton Warwick CRAIG, II, Appellant,

v.

Mary Jane (Craig) JESS, Appellee.

No. 6294.

Court of Civil Appeals of Texas, Waco.

July 30, 1981.

W. B. Phillips, Bragg, Barron, Phillips & Adams, Killeen, for appellant.

Hollis C. Lewis, Jr., Belton, for appellee.

HALL, Justice.

After a hearing without a jury in February, 1980, the trial court ordered appellant's monthly child support payments increased

from $80.00 per child to $135.00 per child. The order was based upon the express finding that there had been a material and substantial change of circumstances since the prior child support order in August, 1978. Appellant's basic contention, under two points of error, is that the finding of material change of conditions is not supported by factually sufficient evidence. We affirm the judgment.

The judgment under review was based on appellee's amended motion filed on February 5, 1980, to modify the prior order and increase the support payments. Appellee alleged that three of the parties' children, a son and two daughters, were still minors; that there had been material and substantial changes in the circumstances of the children and the parties since the rendition of the prior support order; and that the support payments should be increased to $150.00 per month per child for the three children. Appellant did not answer appellee's motions.

The matter was heard by the trial court without a jury on February 14, 1980. Appellant appeared only by attorney. Appellee was the sole witness. Judgment was rendered on February 26, 1980, increasing appellant's support payments to $135.00 per month for each of the three minor children.

Appellant is a major with twenty-one years service in the U.S. Army. He and appellee were divorced in March, 1973. Appellee was awarded custody of their six minor children. Appellant was ordered to pay $100.00 per month per child for their support. Appellant and appellee both married new spouses. Appellant is still married. As we shall notice later, appellee is now divorced from her second husband.

Appellant never paid the full amount of child support ordered in the divorce decree, and eventually appellee recovered judgment against him in the amount of $7,200.00 for past due payments. In June, 1978, the parties agreed to settle the judgment on the following terms: Appellant would pay appellee $3,000.00, and appellee would agree to reduce the monthly support payments to $80.00 per child. By this time, one of the

parties' six children had attained majority. In accordance with this agreement, appellee filed a motion with the trial court in July, 1978, to reduce the payments to $80.00 per month for the five children who were still minors; and appellant paid appellee $3,000.00. In the motion, appellee alleged that "[t]he circumstances of [appellant] have materially and substantially changed since the entry of the order to be modified so that the child support payments should be reduced [to $80.00]." Based upon this motion, judgment was rendered on August 2, 1978, reducing the payments to $80.00 per month per child for the five minor children.

Appellee gave this explanation of the circumstances surrounding her settlement with appellant of the $7,200.00 judgment and her motion to reduce the payments to $80.00: "I could not collect [the judgment]. He had his mother call me, he had his wife call me, telling me that he was in bad financial situation, would I please reconsider. At that time I was married, my husband and I both together worked and were receiving enough, we felt we could handle the situation. I did not want to be vindictive about it, I was not anticipating a divorce so when—in the negotiations [his] lawyer said, 'we will settle with you on the full amount owed you. You will get [three] thousand dollars if you will agree to reduce the child support to eighty dollars a month.' I agreed to reduce it. I did not realize at the time that—it looked like I was the one instigating the reduction, because I did not, even if the record shows. He—his lawyer negotiated with me for reduction in child support and a settlement to wipe out all the past, back that he owed me. The divorce [from my second husband] came on suddenly after this was all settled."

Appellee filed suit for divorce from her second husband in September, 1978, about six weeks after the order reducing the support payments to $80.00 was rendered. The divorce was finalized in January, 1979.

The three minor children in question are two daughters born October 1, 1964 and August 24, 1965, and a son born June 4, 1969. At the time of the hearing in Febru-

ary, 1980, appellee's monthly expenditures for the children's necessities totaled $1,006.00. This figure included increased expenses caused by inflation since the prior order. It also included increased costs for clothes and school needs of the children resulting from their growing older (from ages 13, 12 and 9, to ages 15, 14 and 10).

Appellee is a real estate broker. Her total income for 1979 was $7,890.00. At the time of the prior support order in August, 1978, she was married to her second husband. He contributed to the children's support. This support ended when he and appellee were divorced.

Appellant and his second wife do not have any children. At the time of trial appellant's military pay, including all entitlements, was $2,464.00 per month. This represents an increase of six percent since the prior support order. Although there is no evidence that appellant's "bad financial situation" (according to his mother and his wife) at the time of the prior order has changed, his financial condition at that time justified an order for the support of his children totaling $400.00 per month. The present order totals $405.00 per month. Appellant's pay increase since the prior order approximates $140.00 per month.

There is other evidence concerning property received by appellee upon her second divorce and its disposition, appellee's real estate business and her debts, dental expenses soon to be incurred for one of the children, and the medical services available to the children at a nearby military base.

We have given appellant's analysis of the evidence and his arguments based thereon careful study. Our consideration of all of the evidence convinces us that the questioned finding of material and substantial change of conditions is supported by factually sufficient evidence.

Appellant's contentions are overruled. The judgment is affirmed.