TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00783-CV






Charles Ray Ford, Appellant



v.



Mary Pat Ford, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 464,793, HONORABLE DON B. MORGAN, JUDGE PRESIDING 







 In five points of error, appellant Charles R. Ford appeals the trial court's order
modifying the original decree of divorce. We will affirm.


Factual and Procedural Background


 Charles R. Ford ("Charles") and Mary P. Ford ("Mary") were divorced on July
25, 1990. The Agreed Final Decree of Divorce ("original decree") established custody, support,
and visitation for the parties' two minor children, Ryan and Taylor. Under the original decree,
Charles and Mary were appointed joint managing conservators. The primary residence of the
children was with Mary. On July 29, 1996, Charles filed a Motion to Modify in Suit Affecting
the Parent-Child Relationship seeking a modification of support. On the same day, Charles also
filed a Motion for Enforcement and Order to Appear requesting, inter alia, that the court find
Mary in contempt of the original decree and order her to comply with her obligation to pay fifty
percent of unreimbursed health care expenses as provided in the original decree.

 On October 10, 1996, Mary filed a Counter-Motion to Modify in Suit Affecting the
Parent-Child Relationship seeking, inter alia, modification to allow her to provide medical and
health insurance through her employer, and to require Charles to reimburse her for the cost of the
insurance premiums. Mary also filed a Motion for Enforcement requesting the court to find
Charles in contempt of the original decree; the motion alleged that Charles canceled the major
medical, health and hospitalization insurance which covered the children, and alleged that Charles
failed to reimburse fifty percent of the unreimbursed medical expenses incurred on behalf of the
children.

 Following a trial before the court, the district court found that the allegations
contained in Movant's and Counter-Movant's Motions to Modify in Suit Affecting the Parent-Child Relationship were true, and that the requested modifications were in the best interest of the
children. The trial court granted both motions.

 As relevant to this appeal, the trial court's order modified the original decree in the
following three areas: (1) the obligation of health insurance for the children is shifted from
Charles to Mary, and Charles must reimburse Mary for the amount of monthly premiums; (2) all
unreimbursed medical expenses are Charles's obligation, and no longer divided evenly; and, (3)
Charles's support payments are reduced from $585 to $500 per month. In addition, the trial court
found Charles in contempt of court for failing to pay the support as ordered in the original decree,
and found Mary in contempt for violations of the original decree's visitation provisions. The trial
court suspended the commitment to county jail for Charles, ordered that the $2,290 in arrearage
would be reduced to a judgment to be paid off $100 per month, and placed Charles on probation
for five years. The court suspended Mary's commitment to county jail and placed her on five
years' probation. It is from this order that Charles appeals.


Discussion


 Charles did not request, and the court did not sign, findings of fact or conclusions
of law. We are presented on appeal with a reporter's record from the hearing. Charles challenges
the three modifications listed above, and also challenges the trial court's failure to make findings
pursuant to Texas Family Code section 154.130(a)(3) (West 1996). (1)


Standard of Review

 The trial court has wide discretion in determining the amount of child support, and
such determination will only be disturbed on appeal upon a showing of abuse of discretion.
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); In re S.B.C., 952 S.W.2d 15, 17 (Tex.
App.--San Antonio 1997, no writ); Eggemeyer v. Eggemeyer, 535 S.W.2d 425, 427 (Tex. Civ.
App.--Austin 1976), aff'd on other grounds, 554 S.W.2d 137 (Tex. 1977). The best interest of
the child shall always be the trial court's primary consideration in determining questions of child
support. Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ). Trial
judges also have wide discretion in determining what is in the best interest of a child, and their
decisions will be reversed only for an abuse of discretion. Voros v. Turnage, 856 S.W.2d 759,
765 (Tex. App.--Houston [1st Dist.] 1993, writ denied). The test for abuse of discretion is
whether the court acted arbitrarily or unreasonably, that is, without reference to guiding rules or
principles. Worford, 801 S.W.2d at 109; Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985); In re S.B.C., 952 S.W.2d at 17; Tucker v. Tucker, 908 S.W.2d 530, 532
(Tex. App.--San Antonio 1995, writ denied). If there is some probative and substantive evidence
to support the judgment, the trial court did not abuse its discretion. In re S.B.C., 952 S.W.2d at
18.

 Although Charles makes both legal and factual sufficiency challenges to the
evidence, such challenges are not independent grounds of error under an abuse of discretion
standard, but rather are relevant factors in assessing whether the trial court abused its discretion. 
 Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.--Austin 1997, no writ). Our review is further
guided by the authority that, in a non-jury trial, where no findings of fact or conclusions of law
are filed or requested, it is implied that the trial court made all the necessary findings to support
its judgment. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). When the implied
findings are supported by the evidence, the appellate court must uphold the judgment on any
theory of law applicable to the case. Worford, 801 S.W.2d at 109.


Insurance

 Charles contends in his first two points that the trial court erred in shifting the
burden of providing health insurance to Mary and requiring him to reimburse her for the cost of
the premiums. Charles argues that he provided health insurance which met the children's needs,
and that he cannot afford to reimburse Mary for the cost of the monthly premium.

 Charles asserts that the court failed to consider his obligation to support another
child when it "increased" his support obligation. He offered evidence that he pays $63 per month
to insure his three children. (2) Although not determinative of our decision, we question whether the
trial court increased Charles's support payments as he suggests. According to the original decree,
Charles paid $648 per month--$585 support plus $63 in insurance premiums. (3) With the
modification, Charles pays $620--$500 support plus $120 reimbursement to Mary for the cost of
the insurance. The trial court heard the testimony about Charles's obligation to support Hallie,
and still ordered Charles to reimburse Mary for the insurance premiums for Ryan and Taylor. 
Given our review of the record, we find nothing to suggest the trial court abused its discretion in
this regard.

 According to section 154.064, "[t]he guidelines for support of a child are based on
the assumption that the court will order the obligor to provide health insurance coverage for the
child in addition to the amount of child support calculated in accordance with those guidelines."
Tex. Fam. Code Ann. § 154.064 (emphasis added); Kish v. Kole, 874 S.W.2d 835, 837 (Tex.
App.--Beaumont 1994, no writ); Thompson v. Thompson, 827 S.W.2d 563, 568 (Tex. App.--
Corpus Christi 1992, writ denied).

 The original decree required Charles to maintain major medical, health and
hospitalization insurance on the children similar to that in place at the time of the divorce. The
original decree further provided that the unreimbursed medical expenses would be divided equally. 
At the time of the divorce, Charles had insurance with a $500 yearly deductible per child and
eighty percent coverage. After the divorce, Charles changed policies several times to policies with
deductibles as high as $2500 per child and only fifty percent coverage. According to Mary,
Charles changed the coverage without informing her. Mary's first notice of a change in coverage
was in 1995 when one of the children needed surgery, and she was required to pay a significant
portion of the out-of-pocket expenses for the surgery. After this experience, Mary secured
insurance for the children through her employer. Mary maintained insurance for the children even
though Charles still had insurance because she believed dropping the coverage would be a
"tremendous risk."

 The record also contains evidence that Charles failed to satisfy his share of the
financial obligations relating to the children. According to Mary and two school teachers, Ryan
has a learning disability and Taylor has behavioral problems. Ryan received instruction through
Sylvan Learning Center until Mary could no longer afford it. Both Ryan and Taylor have received
private counseling. Charles opposed counseling for the children and refused to pay for it. 
According to Mary, the counseling helped Taylor's behavioral problems. Ryan's participation at
Sylvan apparently assisted him in returning to his normal classroom.

 Mary also presented evidence that Charles had not paid his share of unreimbursed
medical expenses for therapy, counseling and regular doctor and dental visits, which was in excess
of $2400. Charles had also indicated to Mary that he was going to drop coverage since she had
insurance for them. Further, Charles was in arrears on monthly child support payments, which
the trial court reduced to a judgment against Charles in the amount of $2,290.

 With regard to the trial court's order that Charles must reimburse Mary for the cost
of the insurance premiums, Charles argues that he cannot afford the amount of the reimbursement
and the insurance premiums on his other child, Hallie.

 Section 154.183(b) provides:


If the court finds and states in the child support order that the obligee will maintain
health insurance coverage for the child at the obligee's expense, the court may
increase the amount of child support to be paid by the obligor in an amount not
exceeding the total expense to the obligee for maintaining health insurance
coverage.



Tex. Fam. Code Ann. § 154.183(b).

 In addition to section 154.183(b), there is further support for the trial court's order
requiring Charles to reimburse Mary. Any person, including the other parent, who provides
necessaries for a child may bring suit to recover from a parent who fails to discharge that duty of
support. Creavin v. Moloney, 773 S.W.2d 698, 703 (Tex. App.--Corpus Christi 1989, writ
denied); Tex. Fam. Code Ann. §151.003(c). According to section 151.003(c), a single parent
who bears the entire financial burden of supporting a minor child is entitled to reimbursement from
the other parent who has neglected his or her duty of support to the child. In re B.I.V., 923
S.W.2d 573, 575 (Tex. 1996). Given the evidence that Charles changed insurance policies,
changed the coverage from that existing at the time of divorce, was in arrears on support, and had
refused to pay his share of unreimbursed medical expenses, the trial court could have found that
Charles failed to discharge his duty of support relating to insurance coverage, thus entitling Mary
to reimbursement.

 Having observed the parties and their witnesses, their credibility and demeanor, the
trial court concluded that the best interest of the children would be served with insurance coverage
through their mother's employer. By ordering Mary to provide insurance for the children through
her employer, the best interests of the children--having health insurance--are satisfied. If Charles
fails to reimburse Mary for the insurance premiums, a dispute may exist between Mary and
Charles, for which she can seek relief from the court; however, the children remain covered with
insurance provided by Mary. Moreover, by ordering Charles to reimburse the cost of the
premiums, the trial court simply enforced the spirit of the original decree, which required Charles
to supply health insurance for the children.

 Based on our review of the record, we conclude that the trial court acted according
to guiding authority when it ordered Charles to reimburse Mary for the amount of the monthly
insurance premium, and did not abuse its discretion. Accordingly, we overrule points one and
two.


Uninsured Medical Expenses

 In point three, Charles argues that the trial court abused its discretion by modifying
the original decree to require him to pay all unreimbursed medical expenses.

 Section 154.183(c) provides that "[a]s additional child support, the court shall
allocate between the parties, according to their circumstances, the reasonable and necessary health
care expenses of a child that are not reimbursed by health insurance." The issue of allocation of
unreimbursed medical expenses is within the sound discretion of the trial court. See Tex. Fam.
Code Ann. 154.191(b); Wright v. Wright, 867 S.W.2d 807, 813 (Tex. App.--El Paso 1993, writ
denied) (citing former section 14.061(o), predecessor to section 154.191(b), court held that
unreimbursed medical expenses are within discretion of trial court).

 A party's prior conduct may result in that party's paying a disproportionate share
of unreimbursed medical expenses. In Underwood v. Underwood, 902 S.W.2d 152, 155 (Tex.
App.--Houston [1st Dist.] 1995, no writ), the original decree provided that unreimbursed medical
expenses would be divided evenly. In response to Ms. Underwood's motion to modify, the trial
court modified the original decree and assessed 75% of all medical bills due and owing to Mr.
Underwood. In upholding the trial court's order, the court of appeals reasoned that because Mr.
Underwood had violated the original decree by misrepresenting the child's pre-existing condition,
which resulted in over $17,000 of uncovered medical bills, ordering him to pay a greater
percentage of the expenses was not an abuse of discretion. See id.

 By selecting insurance policies with high per-individual deductibles, Charles created
the potential for greater unreimbursed medical expenses. According to the original decree,
Charles was obligated to provide health insurance for the children, and unreimbursed medical
expenses were to be divided equally. Charles effectively shifted his burden of providing insurance
for the children to Mary through his selection of insurance policies with high deductibles and low
premiums. Using the Underwood analysis, the trial court could shift a greater percentage of
unreimbursed medical expenses to Charles for his prior conduct. 

 Having examined the record, we conclude that the trial court did not abuse its
discretion in ordering Charles to pay all unreimbursed medical expenses. Accordingly, we
overrule point three.


Support - Ability to Pay

 Charles argues in his fourth point that the trial court abused its discretion by
modifying the child support order because he cannot afford the modified payments. 
Notwithstanding the reduction in child support payments from $585 to $500 per month, Charles
argues that by ordering him to reimburse Mary for the insurance premiums, he cannot afford $620
per month in support.

 Each party has a duty to support his or her own minor children. Ikard v. Ikard, 819
S.W.2d 644, 650 (Tex. App.--El Paso 1991, no writ). Although the duty to support one's
children is to be equally imposed between both parents, a court is not required to divide the
obligation equally in terms of monetary contributions. Villasenor v. Villasenor, 911 S.W.2d 411,
419 (Tex. App.--San Antonio 1995, no writ). The relative value of non-monetary services of the
parent and relative capabilities of the parties should be considered. Id. Moreover, the duty to
support one's child is not limited to a parent's ability to pay from current earnings, but also
extends to his or her financial ability to pay from any and all sources that might be available. In
re Striegler, 915 S.W.2d 629, 638 (Tex. App.--Amarillo 1996, writ denied). The trial court may
also consider a parent's earning potential in determining the proper amount of child support. Id. 
The obligation and ability to pay are within the court's discretion. Whatley v. Whatley, 493
S.W.2d 299, 304 (Tex. Civ. App.--Dallas 1973, no writ).

 To prevail in a modification-of-support motion, the movant must establish that the
circumstances of the child or a person affected by the order have materially and substantially
changed since the date of the original order. Tex. Fam. Code Ann. § 156.401(a)(1) (West Supp.
1998); MacCallum v. MacCallum, 801 S.W.2d 579, 583 (Tex. App.--Corpus Christi 1990, writ
denied). In determining whether support should be modified, the trial court should examine the
circumstances of the child and parents at the time of the original decree and the circumstances
existing at the time the modification is sought. MacCallum, 801 S.W.2d at 583. A trial court is
given broad discretion in setting child support payments and also in decreasing or increasing such
payments. Reynolds v. Reynolds, 452 S.W.2d 950, 953 (Tex. Civ. App.--Dallas 1970, no writ). 
In determining the modification of child support, the trial court may consider the fact that the
obligor is in arrears on support. See Craig v. Jess, 620 S.W.2d 221, 222-23 (Tex. Civ.
App.--Waco 1981, no writ).

 In MacCallum, the father sought a reduction in the original award of child support. 
The evidence presented indicated that Mr. MacCallum treated all his personal expenses, except
food and insurance, as business expenses and deducted these from his gross income. On review
of the denial of the motion to modify support, the court of appeals reasoned that the trial court
could have inferred that Mr. MacCallum's "business expense" deductions were exaggerated and
that the amount claimed by Mr. MacCallum as remaining net resources from which child support
could be paid, were not credible. The court of appeals concluded that the trial court did not abuse
its discretion in denying the motion to modify support. MacCallum, 801 S.W.2d at 583.

 In the present case, Charles is in the business of operating a heating and air
conditioning business. As in MacCallum, many of Charles's normal living expenses, including
gas and transportation, are charged to the business. According to a friend and former employee
of Charles's, Charles mismanaged the business and was often not available. The same former
employee, having left Charles's employ, started his own heating and air conditioning business in
Austin, and testified that the heating and air conditioning business was good. During 1996,
Charles received $1,100 per month from his business as salary. Charles owns various rental
properties on which he receives monthly rents, including a roommate who pays Charles $400 per
month. Two of Charles's four bank accounts showed total deposits for 1996 in excess of $16,000
and in excess of $40,000, respectively. Charles also owns an IRA with a balance of $36,000. 
Charles also testified that he spent $1,924 on season tickets for UT baseball games.

 Having reviewed the record, we conclude that probative evidence indicates that
Charles can satisfy his support obligation. Even if the court believed Charles's business had
declined, the evidence suggests it declined because of Charles. In addition, Charles also has a real
estate license, which the trial may consider as earning potential. See Smallwood v. Smallwood,
625 S.W.2d 75, 77 (Tex. App.--Fort Worth 1981, no writ). Because the trial court observes the
demeanor and credibility of the witnesses and positions of the parties, we will not disturb its
findings unless an abuse of discretion is shown. We conclude that the trial court did not abuse its
discretion in ordering the modifications.


Failure to Make Findings Pursuant to Family Code § 154.130

 In his final point, Charles asserts that the trial court abused its discretion by failing
to make findings pursuant to section 154.130 of the Family Code.


 Section 154.130 (a) provides:


Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in
rendering an order of child support, the court shall make the findings required by
Subsection (b) if:


(1) a party files a written request with the court not later than 10 days after the 
date of the hearing; 


(2) a party makes an oral request in open court during the hearing; or


(3) the amount of child support ordered by the court varies from the amount
computed by applying the percentage guidelines.



Tex. Fam. Code Ann. § 154.130.

 Charles did not request findings of fact or conclusions of law pursuant to the Texas
Rules of Civil Procedure, and did not make a request as contained in section 154.130(a) of the
Family Code either in writing or orally during the hearing. Rather, Charles relies solely on the
provision in section 154.130(a)(3) that the trial court is obligated to make findings supporting its
determination because the support ordered varied from the amount computed in the guidelines. 

 Charles failed to sufficiently discuss the basis for this point in his brief to this Court
in order to avoid waiver. In support of this point, Charles merely quotes section 154.130 and
states that the court "abused its discretion in failing to explain in its child support order why it
deviated from the child support guidelines." In order to avoid waiver of an issue on appeal, a
party must discuss in its brief the facts and the authorities relied upon to maintain the issue.
McPherson Enters. v. Producers Coop. Mktg. Ass'n, 827 S.W.2d 94, 96 (Tex. App.--Austin
1992, writ denied); Catherman v. First State Bank, 796 S.W.2d 299, 304 (Tex. App.--Austin
1990, no writ); see also Clone Component Distribs. of Am. v. State, 819 S.W.2d 593, 597 (Tex.
App.--Dallas 1991, no writ) (appellant's brief must include page references to record, citations
of authorities relied upon, and discussion of facts to support point at issue). A party waives a
point by failing to provide supporting argument and authorities. McPherson, 827 S.W.2d at 96.

 Even if Charles had adequately briefed this point, we conclude that the trial court
did not abuse its discretion in ordering the modification. The trial court is only required to make
findings pursuant to section 154.130(a)(3) if the court materially varies from the guidelines. See
Harmon v. Harmon, 879 S.W.2d 213, 216 (Tex. App.--Houston [14th Dist.] 1994, writ denied) 
(citing section 14.057(b), predecessor to section 154.130(a)(3), (4) because child support awarded
"did not materially vary from the guidelines," father was not entitled to findings under this
section).

 Under the rationale in Harmon, we find that the trial court in this case did not
materially vary from the guidelines. Under the guidelines, a $500 support payment would require
net monthly resources of $2200. (5) Given the evidence as highlighted above, we conclude that the
trial court did not abuse its discretion in finding that sufficient monthly resources exist for Charles
to pay $500 in support. Because we conclude that the trial court did not materially vary from the
guidelines in modifying support, the provisions in Section 154.130(a)(3) were not triggered, and
accordingly, the trial court was not required to file findings. We overrule point five. 


Request for Sanctions

 Mary requests sanctions against Charles pursuant to Tex. R. App. P. 45. We deny
the request for sanctions.


Conclusion


 Having overruled Charles's five points of error and Mary's request for sanctions
we affirm the trial court's order.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 22, 1998

Do Not Publish

1. Subsequent references are to the 1996 Texas Family Code unless otherwise indicated. 
2. Charles has another minor child for whom he has child-support obligations. This child,
Hallie Ford, is not before the court. 
3. According to the evidence, Charles selected the insurance policy for the children, and hence,
the amount of the premiums. 
4. Section 14.057(b) provided that:


In any suit affecting the parent-child relationship . . . in which the amount of child
support ordered by the court varies from the amount computed by applying the
percentage guidelines contained in Section 14.055 of this code, the court shall find that
the application of the child support guidelines would be unjust or inappropriate and
shall state the following in the child support order: [findings relating to net resources
of payor and application of child support guidelines].


See Harmon, 879 S.W.2d at 216.
5. Tex. Fam. Code Ann.§ 154.129.


.W.2d 94, 96 (Tex. App.--Austin
1992, writ denied); Catherman v. First State Bank, 796 S.W.2d 299, 304 (Tex. App.--Austin
1990, no writ); see also Clone Component Distribs. of Am. v. State, 819 S.W.2d 593, 597 (Tex.
App.--Dallas 1991, no writ) (appellant's brief must include page references to record, citations
of authorities relied upon, and discussion of facts to support point at issue). A party waives a
point by failing to provide supporting argument and authorities. McPherson, 827 S.W.2d at 96.

 Even if Charles had adequately briefed this point, we conclude that the trial court
did not abuse its discretion in ordering the modification. The trial court is only required to make
findings pursuant to section 154.130(a)(3) if the court materially varies from the guidelines. See
Harmon v. Harmon, 879 S.W.2d 213, 216 (Tex. App.--Houston [14th Dist.] 1994, writ denied) 
(citing section 14.057(b), predecessor to section 154.130(a)(3), (4) because child support awarded
"did not materially vary from the guidelines," father was not entitled to findings under this
section).

 Under the rationale in Harmon, we find that the trial court in this case did not
materially vary from the guidelines. Under the guidelines, a $500 support payment would require
net monthly resources of $2200. (5) Given the evidence as highlighted above, we conclude that the
trial court did not abuse its discretion in finding that sufficient monthly resources exist for Charles
to pay $500 in support. Because we conclude that the trial court did not materially vary from the
guidelines in modifying support, the provisions in Section 154.130(a)(3) were not triggered, and
accordingly, the trial court was not required to file findings. We overrule point five. 


Request for Sanctions

 Mary requests sanctions against Charles pursuant to Tex. R. App. P. 45. We deny
the request for sanctions.


Conclusion


 Having overruled Charles's five points of error and Mary's request for sanctions
we affirm the trial court's order.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 22, 1998

Do Not Publish

1. Subsequent references are to the 1996 Texas Family Code unless otherwise indicated. 
2. Charles has another minor child for whom he has child-support obligations. This child,
Hallie Ford, is not before the court. 
3. According to the evidence, Charles selected the insurance policy for the children, and hence,
the amount of the premiums. 
4. Section 14.057(b) provided that:


In any suit affecting the parent-child relationship . . . in which the amount of child
support ordered by the court varies from the amount computed by applying the
percentage guidelines contained in Section 14.055 of this code, the court shall find that
the application of the child support guidelines would be unjust or inappropriate and
shall state the following in the child support order: [findings relating to net resources
of payor and application of child support guidelines].


See Harmon, 879 S.W.2d at 216.
5