NO. 07-99-0411-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2000

______________________________

IN THE MATTER OF THE MARRIAGE OF

MICHAEL JASON BRUMLEY AND REBECCA SUSAN BRUMLEY

AND IN THE INTEREST OF JASON LAYNE BRUMLEY, A CHILD

_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. DR-98L-197; HONORABLE DAVID WESLEY GULLEY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Rebecca Susan Brumley brings this appeal from the June 28, 1999 decree of divorce and the September 10, 1999 order denying her motion for new trial in the divorce proceeding instituted by Michael Jason Brumley.  By three issues, she contends the trial court 1) erred in failing to file findings of fact and conclusions of law following her timely request after the trial court denied her motion for new trial; 2) erred in rendering a default judgment when she did not receive actual or constructive notice of the final hearing; and 3) abused its discretion in not granting a new trial.  Based on the rationale expressed herein, we affirm.  

Because our resolution of Rebecca’s issues do not require a detailed fact statement, we limit our factual review to the history essential for consideration of her three issues.  After Rebecca left Texas with the infant son of the parties, Michael filed suit for divorce and conservatorship on December 14, 1998, in Deaf Smith County, Texas.  Before she was served in the Texas proceeding, Rebecca filed her suit for divorce and conservatorship on April 5, 1999, in Colorado.  Rebecca was then served in the Texas proceeding on April 27, 1999.  Because Michael contested jurisdiction in Colorado under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJA), Tex. Fam. Code Ann. § 152.001 (Vernon 1996), and Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A, the Colorado court set a hearing of the jurisdiction issue for June 11, 1999.  Pursuant to Rebecca’s request, by letter of June 2, 1999, Rebecca’s Colorado attorney advised Judge Gulley, presiding judge in the Texas proceeding, of the June 11 hearing in Colorado asserting that Rebecca would “abide by the decision of the Colorado court as to where this matter should be heard.”  However, Rebecca did not make an appearance or answer in Texas, pro se or otherwise, until after the June 28, 1999 hearing and signing of the decree of divorce, which among other things, appointed Michael the sole managing conservator of the minor child and designated Rebecca as the possessory conservator of the minor child. 

 On June 25, 1999, the Colorado court signed its order nunc pro tunc to June 11, 1999, containing a 30 day stay to defer to the Texas Court’s jurisdiction.   Among other findings, the order reflects:  1) Colorado is not the home state and acquisition of Colorado as the home state of the minor cannot arise as a result of relocating the child to confer jurisdiction on another state; 2) the child was born in Texas and the parties were married and lived in Texas; 3) it is evident that Rebecca “was aware of the June, 1999 hearing in Texas because, among other things, her own counsel advised the Texas Court she would not be appearing”; and 4) “it is also clear from the record that, among other reasons, [Rebecca] came to Colorado and ‘hid out,’ in her own words, until she could file in Colorado.”  On July 6, 1999, Rebecca faxed her pro se answer to the District Clerk of Deaf Smith County and her Texas counsel filed a motion for new trial on July 9, 1999.  Following an evidentiary hearing, the trial court signed its order dated September 10, 1999 denying the motion for new trial.  Then, on September 27, Rebecca filed two separate amended requests for findings of fact and conclusions of law requesting the trial court to make and file findings and conclusions on the divorce hearing and on the motion for new trial hearing.  The trial court, however, did not make nor file the requested findings and conclusions.

By her first issue, Rebecca contends the trial court erred in failing to prepare and file findings of fact and conclusions of law.  We disagree.  Rule 296 of the Texas Rules of Civil Procedure provides that a request for findings of fact and conclusions of law “shall be filed within twenty days after
 judgment
 is signed . . . .”  (Emphasis added).  Accordingly, because Rebecca’s request for findings and conclusions of the June 28, 1999 divorce hearing was not filed within 20 days, it was not timely.  Harmon v. Harmon, 879 S.W.2d 213, 216 (Tex.App.--Houston [14th Dist.] 1994, writ denied).  Moreover, although a trial court may make findings of fact and conclusions of law following an evidentiary hearing on a motion for new trial, because Rule 296 does not require such findings or conclusions following a motion for new trial,
(footnote: 1) and a motion for new trial may be overruled by operation of law, Tex. R. Civ. P. 329b (c) and (e), the trial court was not required to make and file findings and conclusions of the hearing on the motion for new trial.  Puri v. Mansukhani, 973 S.W.2d 701, 707 (Tex.App.--Houston [14th Dist.] 1998, no pet.).  Issue one is overruled.

By her second issue, Rebecca contends the trial court erred in rendering a default judgment against her when she did not receive actual or constructive notice of the final hearing even though she had caused an informational letter, which she contends constituted an appearance, to be filed with the court before the final hearing  We disagree.  Initially, we note that under Rule 245 of the Texas Rules of Civil Procedure, noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.  Per Rule 245, Rebecca was entitled to 45 days notice only if the case was “contested.”

In support of her position, Rebecca contends that the letter written to Judge Gulley by her Colorado attorney constituted an answer or appearance, and accordingly, she was entitled to notice.  However, a similar contention was rejected in Letersky  v. Letersky, 820 S.W.2d 12, 14 (Tex.App.--Eastland 1991, no pet.), holding that a letter to the court did not constitute a general appearance.   Also, as in 
Letersky
, because Rebecca had previously  invoked the jurisdiction of a non-Texas court, by her Colorado attorney’s letter she did not consent to jurisdiction of the Texas court.  Moreover, according to the finding of the Colorado court, Rebecca was aware of the June hearing in Texas.  Because the case was not contested, Rebecca was not entitled to notice of the June 28 hearing. 
Harmon
, 879 S.W.2d at 215.  Issue two is overruled. 

By her third issue, Rebecca contends the trial court abused its discretion in not granting her motion for new trial.  She asserts that her failure to appear was not intentional or the result of conscious indifference, she set up a meritorious defense, filed her motion for new trial within eleven days after June 28, and offered to reimburse Michael for the expenses in obtaining the default decree.  We disagree.

In considering an attack on a default judgment, we apply the principles set out in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939), wherein the court held:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was 
not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident
; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. 

 

(Emphasis added).  
See also
 K-Mart Corp. v. Armstrong, 944 S.W.2d 59, 61 (Tex.App.--Amarillo 1997, writ denied).  Also, the issue of whether the trial court erred in denying a motion for new trial is directed to the trial court’s discretion.  
Harmon
, 879 S.W.2d at 217.

The record demonstrates that Rebecca was properly served with process and indeed, she does not claim that (1) she was not served with process;  (2) she was unaware of the pending Texas proceeding; nor (3) she was mislead nor misinformed of her need to answer or the date of the hearing, whether by accident or design.  To the contrary, as apparent from the findings of the Colorado court, Rebecca was aware of the proceedings in Texas, and in her own words, “hid out” in Colorado.  Although Rebecca suggests that her failure to answer was due to her depressed economic situation, we note that she did not file a pro se answer until after the June 28 hearing when the Colorado court had announced its decision to defer to Texas jurisdiction.  Accordingly, her failure to answer was not due to accident or mistake.

Moreover, forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the filing of suits by the other parent in random courts are discouraged.  Trader v. Dear, 565 S.W.2d 233, 235 (Tex. 1978).  The undisputed facts establish that Rebecca took the child to Colorado to hide out and later filed suit in Colorado.  More importantly, although she was aware of the proceeding in Texas and the question pending in Colorado concerning jurisdiction, she continued to avoid making any appearance, pro se or otherwise, in the Texas proceeding until the Colorado court had ruled adversely to her contention that Colorado had jurisdiction of the child.  Accordingly, we hold the trial court did not abuse its discretion in overruling Rebecca’s motion for new trial.  Issue three is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.                                      

FOOTNOTES
1:
We note that former Rule 296 provided that a request for findings of fact and conclusions of law should be filed within ten days of rendition of final judgment or 
order overruling motion for new trial.
  (Emphasis added).
 
 The current rule, however, requires that the request be filed within twenty days after judgment and the reference to a motion for new trial was deleted.