Angela **RATISSEAU,** Appellant,

v.

Steven **RATISSEAU,** Appellee.

No. 14–99–00926–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 19, 2001.

---

Felicia Harris Kyle, Houston, for appellants.

Mary Callier, Daryl Moore, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and EDELMAN. (Justice EDELMAN joins this opinion.).

## MAJORITY OPINION

HUDSON, Justice.

Appellant, Angela Ratisseau, appeals a default divorce rendered by the trial court. She attacks only those portions of the judgment addressing the trial court's appointment of appellee, Steven Ratisseau, as a managing conservator of appellant's daughter, L.R., and his right to determine L.R.'s primary residence. In two issues, Angela contends: (1) Steven's Original Petition did not support the trial court's custody award; and (2) the evidence was factually and legally insufficient to support the trial court's decision to award Steven the right to determine L.R.'s primary residence. We reverse the trial court's judgment.

On January 28, 1999, Steven properly served Angela with his Original Petition for Divorce. Angela failed to answer. When, on March 30, 1999, the trial court commenced the divorce proceeding, Angela did not appear. The trial court took judicial notice of Angela's failure to answer and proceeded on a default basis. On April 14, 1999, the trial court rendered a Final Decree of Divorce, dissolving the marriage of Steven and Angela Ratisseau, dividing their property, and appointing Steven and Angela joint managing conservators of their daughter, with Steven maintaining the right to establish L.R.'s primary residence.

■ In her first issue, Angela contends the trial court's custody award was not supported by Steven's Original Petition for Divorce. Steven's petition states: (1) the parties were married on November 17, 1996; (2) L.R. was born on February 16, 1995; and (3) L.R. is a child of the marriage. Thus, it is apparent from the face of Steven's petition that L.R. is *not* a child of the marriage. Because the Original Petition does not establish Steven's standing to initiate a suit affecting the parent-child relationship, Angela asserts the trial court erred in naming Steven the managing conservator of L.R.

Angela claims that a default judgment must be supported by a petition that states a valid cause of action, and that when determining whether a valid cause of action has been pleaded, the court must look solely to the pleadings, without resort to outside information, and must find the elements of the cause of action and the relief sought. Because Steven's petition did not allege any facts that would show Steven is a parent or otherwise had standing under the Texas Family Code to initiate a suit affecting the parent-child relationship, Angela asserts that he failed to state a valid cause of action, and the default judgment rendered by the trial court was fundamentally erroneous.

In response, Steven contends the judgment is in accord with the allegations in his petition where he is referred to as L.R.'s father and L.R. is described as his child. Because these allegations were un-

challenged by Angela at trial, Steven argues the trial court was authorized to conclude that he was, in fact, a parent of the child. In support of this contention, Steven directs us to *UNL, Inc. v. Oak Hills Photo Finishing, Inc.*, which holds that "a default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint." 733 S.W.2d 402, 406 (Tex. App.—San Antonio 1987, no writ). Steven contends his petition gave fair notice; thus, Angela's first issue is a technical defect that does not constitute fundamental error.

Steven fails, however, to mention, consider, or distinguish the applicability of Section 6.701 of the Texas Family Code, which provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX.FAM.CODE ANN. § 6.701 (Vernon 1998). In other words, the statute requires the petitioner, in a suit for divorce, to adduce proof to support the material allegations in the petition despite a respondent's failure to answer. Thus, we find Steven is precluded from relying on default judgment precedent pertaining to suits not involving a divorce.

In *Harmon v. Harmon*, an appeal of a no-answer default divorce judgment, this Court cited the general rule regarding default judgments and held: "[N]o evidence is required to support a default judgment. A defendant's failure to appear or answer is taken as an admission of the allegations in the plaintiff's petition." 879 S.W.2d 213, 217 (Tex.App.—Houston [14th Dist.] 1994, writ denied). However, we question the correctness of our previous decision. The identical provision now contained in Section 6.701 was, at the time *Harmon* was decided, found in Section 3.53 of the Fami-

ly Code. Act of May 28, 1973, 63rd Leg., R.S., ch. 577, § 19, 1973 Tex.Gen.Laws 1604. The court, in that case, did not distinguish, limit, or otherwise restrict the application of Section 3.53; in fact, the court made no reference to the statute.

■ We find the doctrine of *stare decisis* must yield to the clear pronouncements of the Legislature. Section 6.701 required Steven to present evidence proving the allegations contained in his petition at the divorce proceeding. *Roa v. Roa*, 970 S.W.2d 163, 165 n. 2 (Tex.App.—Fort Worth 1998, no pet.); *Considine v. Considine*, 726 S.W.2d 253 (Tex.App.—Austin 1987, no writ). There is, however, no evidence in the record before us to support Steven's assertion that he had standing to initiate a suit affecting the parent-child relationship. See TEX.FAM.CODE ANN. § 102.003 (Vernon Supp.2000). Furthermore, Section 153.131 of the Texas Family Code requires the appointment of a child's parent as the sole managing conservator or both parents as the joint managing conservators, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical or emotional development. TEX.FAM.CODE ANN. § 151.131 (Vernon Supp .2000). Because the record contains no evidence showing Steven's standing as a parent, or evidence establishing that appointment of Angela as L.R.'s sole managing conservator was not in L.R.'s best interest, the trial court had no authority to name Steven a managing conservator of the child.

Accordingly, we sustain Angela's first issue. Because of the disposition of this issue, we need not address the remaining issue. We reverse the trial court's judgment and remand for a new trial only on the issues of child custody, visitation, and

697

**698**

support. We affirm the remainder of the judgment.

ANDERSON, J., concurring with opinion.

ANDERSON, Justice.

While I believe the majority has reached the correct result in this case, I write separately to demonstrate the unexamined repudiation of this court's opinion in *Harmon v. Harmon*, 879 S.W.2d 213 (Tex. App.—Houston [14th Dist.] 1994, writ denied) is wrong. The majority has unnecessarily and cavalierly jettisoned this court's opinion in *Harmon* without noting the distinction drawn in the court's holding, or addressing other authority reconciling *Harmon* with the Family Code.

It has always been good advice to lawyers to pay less attention to what a court says, and much more heed to what the court holds. In *Harmon*, a divorce case, this court did say that a defendant's failure to appear or file an answer is taken as an admission of the allegations in the plaintiff's petition. *Id.* at 217. But the *Harmon* court was addressing a complaint by the defaulting party (respondent) that the trial court lacked jurisdiction to enter the default judgment because the suit had been brought in Harris County, not the county of his residence, contrary to the requirements of § 3.21 of the Texas Family Code.[1] Importantly for our analysis of *Harmon*, respondent also contended there was no evidence petitioner lived in Texas or Harris County for the respective periods of time required to give the trial court jurisdiction. *Id.* at 216.

Section 6.301 of the Family Code, and its predecessor, provide that suits for divorce may not be maintained in Texas unless at the time the suit is filed either the petitioner or the respondent has been (1) a domiciliary of Texas for the preceding six months, and (2) a resident of the county in which suit is filed for the preceding 90–day period. Tex.Fam.Code Ann. § 6.301 (Vernon 1998). The *Harmon* court, contrary to the majority's broad brush analysis, only holds the respondent, if he had answered, could have put the petitioner to her proof of her residence and domicile allegations. *Id.* at 217. The *Harmon* court, while stating the general rule relating to the effect of a failure to answer,[2] nevertheless applied the more restrictive rule that the failure to answer was deemed an admission only of the domicile and residency allegations contained in the unchallenged petition. It is manifest from a reading of the *Harmon* court's analysis of appellant's jurisdictional challenge to the trial court that the court was addressing only the issue of whether the petition had alleged sufficient facts to qualify the petitioner to bring the divorce action in Harris County, Texas. The court only deemed the default to admit the pleaded domicile and residency facts. The court did not *hold* that a failure to answer in a divorce suit was deemed an admission of *all pleaded facts in the petition.* The majority has simply misinterpreted *Harmon.* The question of whether a failure to answer a divorce petition admits all of the pleaded facts in the petition—including the domicile and residency requirements—was simply not an issue before the court. The majority seems to believe that the mere

---

1. Section 3.21 of the Texas Family Code was recodified in 1997 as § 6.301.

2. The general rule, and noted a such in *Harmon*, is a failure by the defendant to answer is taken as an admission of the allegations in a

plaintiff's petition. 879 S.W.2d at 217 (citing *Morris v. Morris*, 717 S.W.2d 189, 190 (Tex. App.—Austin 1986, no writ)). The limiting effect of this citation to *Morris* on the general rule is addressed *infra*.

failure of the *Harmon* court to reference former § 3.53 somehow makes the decision wrong. The majority's failure to closely examine the narrow question presented and the corresponding holding of *Harmon,* or the holding in *Morris* upon which the *Harmon* court relied, has engendered the misinterpretation.

Indeed, the *Morris* opinion, to which the majority does not even advert, explicates the holding in *Harmon.* There, the court was addressing the identical issue presented in *Harmon:* a challenge to the trial court's jurisdiction to enter a default judgment because there was no evidence, or insufficient evidence, that either party satisfied, at the time the divorce was filed, the domicile and residency requirements of § 3.21. These facts were properly set out in the petition. First, the court noted the elements of § 3.21 are not jurisdictional, but merely provide the necessary residential qualifications for bringing a divorce action. 717 S.W.2d at 190. Second, the court cited the general rule that no evidence is required to support a default judgment because the defendant's failure to appear or answer is taken as an admission of the allegations in the plaintiff's petition. *Id.* Last, and most importantly, the *Morris* court *held* the general rule applies to the requirements of § 3.21. *Id.* Here, too, the court did not say the general rule applies to *all* the allegations in a divorce petition, just to the unanswered domicile and residency allegations set out therein. *Id.* The *Morris* court did not advert to former § 3.53 of the Family Code. By its sweeping dismissal of the opinion in *Harmon,* the majority has *sub silentio* disparaged the holding in *Morris.* I believe this is unnecessary and wrong.

The majority ignores the obvious harmony between *Harmon* and Family Code § 6.701 which requires a divorce suit petitioner to present proof supporting the material allegations in the petition despite the absence of an answer. This consistency was noted in this court's recent decision in *Osteen v. Osteen,* 38 S.W.3d 809 (Tex. App.—Houston [14th Dist.] 2001). There, it was observed that *Harmon* relied on *Morris* in support of the restricted deemed admissions rule in divorce proceedings. *Osteen,* 38 S.W.3d 809, 813–14. Because *Morris* held that a divorce respondent's failure to answer was taken only as an admission of the residence and domicile allegations in the petition, and the *Harmon* court was applying that holding, *a fortiori* the result reached by *Harmon* is not in conflict with § 6.701 of the Family Code. Reading *Harmon* as applying the general rule that no evidence is required to support a default judgment because the failure to answer is taken as an admission of the allegations in the plaintiff's petition is myopic in that it ignores the point of error on review and the holding of the court on that point. Nevertheless, the majority has not addressed the holding or the analysis in *Osteen.*

The point here is that the majority has failed to note the clear distinction drawn in *Harmon* and *Morris* between the so-called general rule in no-answer default judgments, and the limited deemed admissions in a no-answer default in the context of a divorce action. Those two cases simply hold that a failure to submit an answer to a divorce petition constitutes a deemed admission only of the petitioner's allegations regarding residence and domicile allegations—and nothing more. Neither *Harmon* nor *Morris* addressed the issue, raised here, of the sufficiency of the evidence to support the material allegations in the petition other than the pleaded facts regarding residence and domicile. Moreover, the majority has failed to provide any basis for its position that the limited rule articulated in *Harmon* and *Morris* is inconsistent with § 6.701 of the Family

Code. Thus, the majority's rejection of *Harmon* is untenable.

Accordingly, while I concur with the result reached here, I cannot accept the majority's erroneous rejection of this court's prior authority.