McPHERSON ENTERPRISES, INC.,
doing business as Bandera Feed
& Garden, Appellant,

v.

PRODUCERS COOPERATIVE
MARKETING ASSOCIATION,
INC., Appellee.

No. 3–91–213–CV.

Court of Appeals of Texas,
Austin.

March 25, 1992.
Rehearing Overruled April 22, 1992.

Henry W. Christopher, Jr., Johnson & Christopher, Inc., San Antonio, for appellant.

Marion J. Borchers, Law Offices of Marion J. Borchers, New Braunfels, for appellee.

Before POWERS, JONES, SMITH, JJ.

OPINION

SMITH, Justice.

A grain and feed cooperative sued the owners of a feed store for a delinquent debt. The owners defended that the debt was a corporate debt and, thus, they were not personally liable. The owners also counterclaimed that the cooperative had charged a usurious rate of interest on the debt. The trial court rendered a take-nothing judgment against both parties. We affirm the trial court's judgment.

BACKGROUND

In 1986 appellant McPherson Enterprises, Inc., owned by Ronnie and Suzanne McPherson, purchased Bandera Feed and Garden Supply. As part of the purchase, McPherson Enterprises assumed Bandera Feed's debt to Producers Cooperative Marketing Association, Inc. (Producers). Producers is an agricultural cooperative that manufactures and distributes grain feed in the central Texas area.

In 1988 McPherson Enterprises ran into financial difficulties and sold its feed supply business to pay creditors. Although McPherson Enterprises owed Producers $41,470, no sales proceeds were paid to the cooperative. To satisfy the corporate debt of McPherson Enterprises, Ronnie and Suzanne McPherson agreed to transfer to Producers a personal note receivable worth $31,654. The McPhersons testified that they used personal assets to satisfy this corporate indebtedness with the understanding that the note would be accepted as payment-in-full. However, Producers contended Bandera Feed still owed $9816, the balance due after crediting the account ($41,470 − $31,654 = $9816).

After receiving the note, Producers failed to credit the Bandera Feed account for its value. When Bandera Feed failed to pay the outstanding balance of $9816, Producers brought suit against Ronnie and Suzanne McPherson individually, claiming that they were doing business as Bandera Feed and thus were responsible for the debt. Ronnie and Suzanne McPherson defended the suit on the grounds that they were not personally responsible for the corporate debts of McPherson Enterprises, d/b/a Bandera Feed. In addition, Bandera Feed counterclaimed that by sending the incorrect invoices, Producers had effectively charged a usurious rate of interest on the debt. Producers responded that it used an automated billing system and the employee charged with handling billings was unfamiliar with accounting practices and did not understand the billing program.

The jury found that McPherson Enterprises, not Ronnie and Suzanne McPherson, was responsible for Bandera Feed's debt to Producers. It also found that Producers had not agreed to accept as full payment the personal note offered by Ronnie and Suzanne. The trial court rendered a take-nothing judgment against both sides. McPherson Enterprises has brought this appeal reasserting its usury claim against Producers. Ronnie and Suzanne McPherson are not parties to this appeal.

## STANDARD OF REVIEW

McPherson Enterprises as appellant and Producers as cross-appellant have challenged the legal sufficiency of the evidence to support the trial court's judgment. In deciding a no evidence point, we must consider only the evidence and inferences tending to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 593 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *see also* Michol O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65, 80–81 (1974).

## POINTS OF ERROR

McPherson Enterprises asserts two points of error: (1) Producers charged a usurious rate of interest in excess of the legal limit of eighteen percent without evidence of accidental and bona fide error, and (2) Bandera Feed was entitled to attorney's fees. Producers asserts four points of error on cross-appeal, three complaining that the trial court erred in absolving Ronnie and Suzanne McPherson of personal liability, and one claiming Producers is entitled to attorney's fees.

## DISCUSSION

The essence of McPherson Enterprises's appeal is that Producers committed usury by charging interest on $41,470 when the actual debt was only $9816. For the one-month period from February 28, 1989 to March 28, 1989, Producers mailed Bandera Feed a bill for the principal amount of $41,470 plus $622 in interest. McPherson Enterprises argues that the maximum amount of interest allowed by law[1] for that time period on a debt of $9816 was $136. McPherson Enterprises contends that by charging $622 in interest on a balance of $9816, Producers charged $487 more than the legal maximum. Producers responds that the interest charged was not usurious or, alternatively, if the interest rate was usurious it was defensible

---

1. McPherson Enterprises relies on the Consumer Credit Commissioner's Certification of interest-rate ceilings which specified a maximum allowable interest at the time on $9816 of $136.

as a bona fide mistake due to the ignorance of its accounting personnel.

Usury is defined as "interest in excess of the amount allowed by law." Tex.Rev.Civ. Stat.Ann. art. 5069–1.01(d) (1987). Interest is defined as "compensation allowed by law for the use or forbearance or detention of money." *Id.* at 5069–1.01(a).

We have reviewed the cases McPherson Enterprises cites in support of its usury claim but find them unpersuasive. While all involve usury issues, not one contain facts or legal issues relevant to the case at hand. In fact, the reasoning of *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473 (Tex.1988), cited by McPherson Enterprises, supports our holding that Producers's actions were not usurious:

> Interest and principal are *synergistic* words which imply one another, and by necessity, principal must be that amount, which is used, forborne, or detained, and upon which the interest is charged.

*Id.* at 475 (emphasis added).

The operative word in this passage is "synergistic." As applied to our facts, the $622 in interest cannot be divorced from the principal balance of $41,470 and applied to the actual balance of $9816 in order to derive a higher "rate" of interest. The interest complained of here was clearly a function of Producers's use of the incorrect principal amount.

If the interest and principal are not viewed as synergistic, the rate of interest charged on any unliquidated debt would be subject to claims of usury. The following hypothetical illustrates this problem. Assume two parties have a dispute concerning an unliquidated debt that bears interest at ten percent. The creditor claims the debt is $1000. The debtor claims the balance due is only $500. The creditor sends a bill for $1000, plus interest for one year of $100. Under McPherson Enterprises's reading of the usury statutes, the debtor could claim usury because interest of $100 on a balance of $500 would exceed the legal interest rate. Any time the creditor sent a bill for a disputed debt balance, the debtor could claim the creditor had charged a usurious rate of interest.

By claiming Producers charged a usurious rate of interest, McPherson Enterprises confuses "quantity" of interest with "rate" of interest. Principal is multiplied by an interest rate to compute a quantity of interest. McPherson Enterprises attempts to compute a usurious interest rate by dividing a quantity of interest ($622) by $9816 in principal. However, the interest rate in Producers's billing program was set at one and one-half percent per month, or eighteen percent interest per year, a lawful interest rate. The only possible complaint McPherson Enterprises's has against Producers is that Producers charged too much principal. It cannot complain that Producers charged too high a rate of interest.

Because the interest charge of $622 relates to the principal of $41,470 and not the principal of $9816, we hold Producers did not charge Bandera usurious interest. Therefore we need not address the issue of bona fide mistake. We overrule McPherson Enterprises's first point of error.

■ McPherson Enterprises's second point of error is that Bandera Feed was entitled to attorney's fees. However, McPherson Enterprises failed to discuss the basis for this point of error in its brief to this court. It merely listed this argument as a point of error in the brief's table of contents and points of error section. To avoid waiver of the point of error, a party must discuss in its brief the facts and the authorities relied upon to maintain the point at issue. A party waives a point of error by failing to provide supporting argument or authorities. Tex.R.App.P. 74(f) (Pamph.1992) *Custom Design & Bldg. v. Clawson*, 794 S.W.2d 38 (Tex.App.1990, no writ). Further, because we sustain the trial court's ruling that McPherson Enterprises take nothing, the second point of error is of necessity overruled. A party cannot recover attorney's fees when it loses at trial and that judgment is affirmed on appeal.

■ Producers brings several points of error as a cross-appellant complaining that the trial court erred in absolving Ronnie and Suzanne McPherson of personal liabili-

ty, and one claiming Producers is entitled to attorney's fees. However, Producers did not perfect an appeal against these parties as required by Tex.R.App.P.Ann. 40, 41, 46 (Pamph.1992); *Wadkins v. Diversified Contractors*, 714 S.W.2d 136 (Tex. App.1986, no writ). We recognize that an appellee "may complain by cross-point in his brief in the court of appeals, without perfecting an independent appeal, of any error in the trial court as between appellant and appellee." *Donwerth v. Preston II Chrysler Dodge*, 775 S.W.2d 634, 639 (Tex.1989). However, *Donwerth* does not apply to this case because Producers's points of error are against the McPhersons as individuals, and they are not parties to this appeal. Producers may not assert any points of error involving these individuals without first perfecting its appeal as to them by filing a separate appeal bond. Because Producers failed to do so, we have no jurisdiction to rule on its first three points of error.

Finally, Producers's fourth point of error is also overruled for the same reason we overruled McPherson Enterprises's request for attorney's fees: a party cannot recover attorney's fees when it loses at trial and that judgment is affirmed on appeal.

## CONCLUSION

Producers did not charge Bandera Feed a usurious rate of interest, and therefore McPherson Enterprises is not entitled to recover any penalties under the usury statutes or to recover attorney's fees. Producers did not perfect its appeal against Ronnie and Suzanne McPherson and thus cannot assert cross-points of error against these individuals who are not parties to this appeal. Nor is Producers entitled to attorney's fees. We overrule all points of error and affirm the trial court's judgment.

POWERS, J., not participating.