**TEXAS ABLE ONES INC. d/b/a
Industrial Labor Service,
Appellant,**

v.

**Eugene A. BRODHEAD, as Receiver
for American Pacer Insurance
Co., Appellee.**

**No. 3–93–093–CV.**

Court of Appeals of Texas,
Austin.

Aug. 11, 1993.

Motion to Publish Granted Oct. 6, 1993.

Russell C. Ducoff, Law Offices of Russell C. Ducoff, Bellaire, for appellant.

Paul D. Carmona, Morehead, Jordan & Carmona, P.C., Austin, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

POWERS, Justice.

Appellant Texas Able Ones, Inc., doing business as "Industrial Labor Service," prays that we reverse a summary judgment that it take nothing by its suit against appellee Georgia D. Flint, receiver for American Pacer Insurance Company.[1] We will affirm the judgment.

### THE CONTROVERSY

In May, 1990, a collision occurred between an automobile owned by appellant and another driven by Todd Paugh, an insured under a liability policy issued by American Pacer Insurance Company. In August 1990, American Pacer was placed in receivership. Thereafter, appellant filed with the receiver a proof of claim, in the amount of $45,391, for losses allegedly sustained in the collision.

By letter dated January 14, 1992, the receiver notified appellant as follows:

> The ... claim you filed with the Receiver has been approved as a *covered* claim in the amount of $250.00 under the provision of TEX.INS.CODE ANN. art. 21.28 and 21.28–C. The balance of your claim *is hereby rejected* for all purposes as a *covered* claim and as a claim against the assets of the estate. A check in the amount of $250.00 will be forwarded to you when we receive a properly executed release.

> Enclosed is our standard release. In order to make payment on this claim, we ask that the enclosed release be dated and signed before a notary, and returned to us within ninety days of the date of this let-

---

1. The case is styled to show Eugene A. Brodhead as appellee, because he was the original receiver against whom the suit was filed. Since then, evidently, the receiver handling this suit has changed—first to Sandra A. Autry and again to Georgia D. Flint. The parties never requested a change in the style of the suit; we have maintained the original style.

ter. If you fail to return the release within the specified time period, your claim is hereby rejected.

Under TEX.INS.CODE ANN. art. 21.28, § 3(h), action upon a claim rejected in whole or in part must be brought in the court in which the delinquency proceedings are pending within three (3) months after service of notice; otherwise, the action of the Receiver shall be final and not subject to review.

(Italicized emphasis added). Appellant received the letter on January 16, 1992, and filed its original petition in the present cause on July 7, 1992.

The receiver moved for summary judgment on the ground that appellant's cause of action was time-barred by the terms of article 21.28, section 3(h) of the Texas Insurance Code. The statute declares:

(h) Action on Claims. The receiver shall have the discretion to approve or reject any claim filed against the insurer.... Upon the rejection of each claim *either in whole or in part,* the receiver shall notify the claimant of such rejection by written notice. Action upon a claim so rejected must be brought in the court in which the delinquency proceeding is pending within three (3) months after service of notice; otherwise, the action of the receiver *shall be final and not subject to review.*

Tex.Ins.Code Ann. art. 21.28, § 3(h) (West Supp.1993) (emphasis added).

The trial court sustained the receiver's motion for summary judgment and appellant appeals on two points of error: the judgment was erroneous because appellant filed his original petition within the time allowed by article 21.28, section 3(h) of the Texas Insurance Code, and the judgment denies appellant due process of law.

## DISCUSSION AND HOLDINGS

Appellant, as indicated below, advances several reasons in support of its points of error. Because appellant fails to offer any authority for its arguments, his contentions are subject to waiver. *See* Tex.R.App.P. 74(f); *McPherson Enters., Inc., v. Producers Co-op. Marketing Ass'n,* 827 S.W.2d 94, 96 (Tex.App.—Austin 1992, no writ). We will, however, review appellant's points of error.

■ Appellant argues in his first point of error that the letter of January 14, 1992, was *not* a notice of rejection because: (1) the word "covered" appears in the letter twice and is underlined each time, while the word "rejected" appears only once and is not underlined for emphasis, implying that no other part was in fact rejected; (2) the letter implies that any rejection was contingent only because it states that if appellant should "fail to return the release within the specified time period, [its] claim is hereby rejected;" and (3) the receiver's motion for summary judgment did not explicitly "argue" that the language of the letter in fact rejected appellant's claim.

We reject the argument. The sense of the first paragraph of the letter, quoted above, is a plain rejection of appellant's claim, on its merits, to the extent of $45,141.00, and an approval of the claim, on its merits, to the extent of $250.00. The second paragraph of the letter pertains to the *payment* of the approved claim on receiving the executed release within ninety days; it may not reasonably be interpreted as referring to a future rejection of *all* claims based on the merits of these claims, as opposed to a rejection for failing to supply the release demanded. Finally, paragraphs five through eight of the receiver's motion for summary judgment set out explicitly the theory that appellant's cause of action was time-barred, by section 3(h) of article 21.28, *because* the receiver's letter, a sworn copy of which was attached to the motion, was received by appellant on January 16, 1992. We overrule the first point of error.

■ Appellant argues in a second point of error that it was deprived of due process of law because the notice of rejection was vague and ambiguous, in the particulars mentioned above, as to whether it was in fact a rejection of appellant's claim. We hold the letter was not ambiguous for the reasons given previously. Moreover, appellant did not raise his constitutional argument in the trial court, and we may not, therefore, consider it on appeal. *Boyd v. Fuel Distribs., Inc.,* 795 S.W.2d 266, 271 (Tex.App.—Austin 1990, writ

denied). We overrule the second point of error.

Finding no error, we affirm the trial-court judgment.