Opinion issued March 22, 2007

 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00589-CV






CHUCK OKO, Appellant


V.


SAMUEL OGUNTOPE, Appellee






On Appeal from County Civil Court at Law No. 4 (1)

Harris County, Texas

Trial Court Cause No. 817272





MEMORANDUM OPINION

 Appellant, Chuck Oko, appeals from a judgment in the amount of $2,334 in
damages and $9,500 in attorney's fees, which was rendered after a bench trial in favor
of appellee, Samuel Oguntope, on his claim of fraud. We determine (1) whether
appellant sufficiently presented his challenge that the trial court erred by rendering
judgment in favor of appellee because the evidence showed that appellant was
authorized to enter into settlement negotiations; (2) whether the evidence was legally
and factually insufficient to prove that appellant made a material representation to
appellee that there was a settlement agreement; and (3) whether the trial court erred
by awarding "an excessive amount of attorney's fees." We affirm.Background

 On January 23, 2003, Emmanuel Ajibade was awarded a judgment ("the
Ajibade judgment") against appellee in the amount of $4,000, plus interest and
$5,500 in attorney's fees. Ajibade had retained Okorafor & Associates (also referred
to in the record as Okorafor & Mgbaraho) ("the law firm") to represent him against
appellee. James Okorafor and appellant were lawyers at the law firm. While at the
law firm, appellant prepared and filed legal documents and attended hearings in
Ajibade's case. The law firm was restructured and eventually dissolved. Okorafor
represented Ajibade after the dissolution of the law firm.

 Appellant sought a writ of execution for the Ajibade judgment against appellee. 
As a result, appellee contacted appellant and entered into negotiations with him to
"settle" the Ajibade judgment. At the time that appellant filed the writ of execution
and engaged in negotiations with appellee, appellant was no longer affiliated with the
law firm. Appellant contacted Ajibade, who did not know that appellant was no
longer with the law firm, and informed Ajibade that appellee wanted to settle the
Ajibade judgment. Ajibade told appellant that he "[could] not accept appellee's
money . . . ." Appellant accepted three payments from appellee totaling $2,334, but
did not tender the money to Ajibade; instead, he deposited the money into his trust
account. After receiving those payments, appellant contacted appellee and demanded
more money. Appellant then sought another writ of execution against appellee on the
Ajibade judgment. 

 After appellee discovered that appellant did not have the authority to settle the
Ajibade judgment, he filed the suit underlying this appeal against appellant. In his
petition, appellee alleged that appellant was "acting without authority and defrauding
[appellee] out of [appellee's] money" and requested that the trial court "declare that
the Writ of Execution and the settlement agreement was done without authority and
[appellee] is entitled to have his money returned to him plus additional damages [that
appellee] incurred." 

 At trial, appellee introduced an "Agreement Regarding the Final Judgment
Against Samuel Oguntope" ("the settlement agreement"), which stated that appellee
agree to settle the Ajibade judgment against him for $6,500. The settlement
agreement stated that appellee would pay to appellant $1,500 on March 30, 2004 and
the balance in monthly installments of $417, with the final payment to be made on or
before April 2005. The settlement agreement was signed by appellee and notarized
by Babs Olodade. The signature portion of the agreement was partially covered with
a receipt signed by appellant, dated on March 30, 2004, for $1,500. (2)

 At trial and in his answer to appellee's petition, appellant contended that he had
retained an interest in the attorney's fee portion of the Ajibade judgment because he
had represented Ajibade in the case against appellee. Appellant contended that he
performed 80 percent of the legal work in Ajibade's case against appellee--including
attending several hearings that were conducted after appellant was no longer affiliated
with the law firm. Appellant argued below that he was offsetting money owed to him
in the Ajibade case by collecting on the $5,500 in attorney's fees awarded in the
Ajibade judgment.

 

 After a bench trial, the trial court rendering a judgment in favor of appellee for
$2,334 as damages, $9,500 in attorney's fees, court costs, and interest. 

Authority to Settle

 In his first point of error, appellant argues that the trial court erred by rendering
judgment in favor of appellee because the evidence showed that appellant was
authorized to enter into settlement negotiations for the Ajibade judgment. 

 In order properly to present an issue on appeal, a party must discuss in his brief
the facts and the authorities upon which he relies to maintain the issue. McPherson
Enters., Inc. v. Producers Coop. Mktg. Ass'n, Inc., 827 S.W.2d 94, 96 (Tex.
App.--Austin 1992, writ denied). A party does not sufficiently present a point of error
if he fails to provide supporting argument and authorities. Id.; see Tex. R. App. P.
38.1(g) (stating that brief must contain succinct, clear, and accurate statement of the
arguments made in body of brief).

 Appellant's brief contains no argument or authorities in support of this point of
error. Accordingly, this issue is not properly briefed and will not be considered. (3) See
Tex. R. App. P. 38.1(h); Ratsavong v. Menevilay, 176 S.W.3d 661, 666 (Tex. App.--El
Paso 2005, pet. denied) (indicating that failure to cite authority in support of
contention constitutes "waiver" of issue on appeal); Wolfe v. C.S.P.H. Inc., 24 S.W.3d
641, 646-47 (Tex. App.--Dallas 2000, no pet.).

 We overrule appellant's first point of error.

 Settlement Agreement


 In his second point of error, appellant argues that the trial court erred by
rendering judgment in favor of appellee because the evidence showed that "[a]t no
time did Appellant enter into a settlement agreement with Appellee." 

 Appellant lists the evidence that he introduced at trial to prove that he did not
fraudulently enter into a settlement agreement with appellee. We construe this portion
of appellant's argument to be that the evidence is legally and factually insufficient to
prove that appellant made a material representation to appellee that there was a
settlement agreement for the Ajibade judgment.

 Neither party requested post-judgment findings of fact and conclusions of law
pursuant to rule 296 of the Texas Rules of Civil Procedure, and the trial court filed
none. See Tex. R. Civ. P. 296. Accordingly, the trial court's judgment implies all
findings necessary to support it, provided that the necessary findings are raised by the
pleadings and supported by the evidence. See BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 795 (Tex. 2002); Wade v. Comm'n for Lawyer Discipline, 961 S.W.2d
366, 374 (Tex. App.--Houston [1st Dist.] 1997, no writ). The trial court's decision
can be sustained on any reasonable theory consistent with the evidence and the
governing law. Friedman v. New Westbury Vill. Assocs., 787 S.W.2d 154, 157-58
(Tex. App.--Houston [1st Dist.] 1990, no writ). Because the record on appeal
contains a full reporter's record of the trial, appellant may challenge the trial court's
implied findings for legal and factual sufficiency, under the same standards that
govern challenges to a jury's findings. See BMC, 83 S.W.3d at 795; Fair Deal Auto
Sales v. Brantlev, 24 S.W.3d 543, 546 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 
Appellant must, however, demonstrate that the trial court's judgment cannot be
sustained by any theory raised by the evidence. See Friedman, 787 S.W.2d at 158.

 When a party attacks the legal sufficiency of an adverse finding on an issue that
it did not have the burden to prove at trial, it must demonstrate that there is no
evidence to support the adverse finding. See Croucher v. Croucher, 660 S.W.2d 55,
58 (Tex. 1983). The final test for legal sufficiency must always be whether the
evidence at trial would enable reasonable and fair-minded people to reach the verdict
under review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
"[L]egal-sufficiency review in the proper light must credit favorable evidence if
reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not." Id. If the evidence "would enable reasonable and fair-minded people to
differ in their conclusions, then jurors," and here, the trial court, as trier of fact, "must
be allowed to do so." Id. at 822. As long as the evidence falls within the zone of
reasonable disagreement, "[a] reviewing court cannot substitute its judgment for that
of the trier-of-fact." Id. at 822. Although the reviewing court must "consider evidence
in the light most favorable to the judgment, and indulge every reasonable inference
that would support it[,] . . . if the evidence allows of only one inference, neither jurors
nor the reviewing court may disregard it." Id.

 In determining the factual sufficiency of the evidence on a matter on which the
appellant did not have the burden of proof, this Court weighs all of the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see Comm'n of Contracts v. Arriba
Ltd., 882 S.W.2d 576, 582 (Tex. App.--Houston [1st Dist.] 1994, no writ). In an
appeal from a bench trial, we may not invade the fact-finding role of the trial court,
which alone determines the credibility of the witnesses, the weight to give their
testimony, and whether to accept or to reject all or any part of that testimony. See
Nordstrom v. Nordstrom, 965 S.W.2d 575, 580-81 (Tex. App.--Houston [1st Dist.]
1997, pet. denied). 

 To recover on an action for fraud, the plaintiff must prove (1) that a material
representation was made; (2) that the representation was false; (3) that when the
speaker made the representation, he knew that it was false or made it recklessly
without knowledge of the truth as a positive assertion; (4) that the speaker made it
with the intention that it should be acted upon by the other party; (5) that the other
party acted in reliance upon it; and (6) that the other party thereby suffered injury. 
Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.
1998). 

 Fraud by omission is a subcategory of fraud because an omission or
non-disclosure may be as misleading as a positive misrepresentation of fact when a
party has a duty to disclose. See Manon v. Solis, 142 S.W.3d 380, 387 (Tex.
App.--Houston [14th Dist.] 2004, pet. denied). A failure to disclose does not
constitute fraud unless there is a duty to disclose the information. See Ins. Co. of N.
Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998); Hoggett v. Brown, 971 S .W.2d 472,
487 (Tex. App.--Houston [14th Dist.] 1997, pet. denied). A duty to disclose may
arise not only when there is a confidential or fiduciary relationship, but also in the
three following situations: (1) when one voluntarily discloses information, he has a
duty to disclose the whole truth; (2) when one makes a representation, he has a duty
to disclose new information when he is aware that the new information makes the
earlier representation misleading or untrue; and (3) when one makes a partial
disclosure and conveys a false impression, he has a duty to speak. Anderson,
Greenwood & Co. v. Martin, 44 S.W.3d 200, 212-13 (Tex. App.--Houston [14th
Dist.] 2001, pet. denied). 

 The evidence viewed in the light most favorable to the judgment shows that
appellant made a material representation to appellee that there was a settlement
agreement for the Ajibade judgment. Appellant sought a writ of execution for the
Ajibade judgment against appellee. As a result, appellee contacted appellant and
entered into negotiations with him to "settle" the Ajibade judgment. At the time that
appellant filed the writ of execution and engaged in negotiations with appellee, he did
not represent Ajibade, but appellant did not disclose that information to appellee. 
Appellee introduced into evidence the receipts for payments made to appellant and the
settlement agreement for the Ajibade judgment. Appellant drafted the settlement
agreement for the Ajibade judgment and represented to appellee that that agreement
was binding. Appellant accepted three payments, totaling $2,334, from appellee. 
Appellant then told appellee that Ajibade disagreed with the settlement agreement and
executed a writ of execution. Appellee later discovered that appellant was no longer
with the law firm and that Ajibade had not authorized either the settlement agreement
or the writs of execution filed by appellant. Viewing the evidence in the proper light,
we hold that the evidence is legally sufficient to support the trial court's implicit
finding of fraud. 

 Appellant concedes that he "accepted tender of a good faith payment of $1,500
on the judgment by Appellee which Appellant deposited into his trust account." In
support of his factual-sufficiency argument appellant argues that he was not
negotiating on behalf of Ajibade, but, rather, "merely [had] relayed an offer and
counter offer between Appellee and Mr. Ajibade." Appellant testified that he did not
draft or sign the settlement agreement that appellee introduced at trial and that he did
not individually write the receipt to appellee for the $1,500 payment, but that his office
issued it in his name. As fact finder, the trial court is given great latitude to believe
or to disbelieve a witness's testimony, particularly if the witness is interested in the
outcome. See In re Doe 4, 19 S.W.3d 322, 325 (Tex. 2000); Texaco, Inc. v. Phan, 137
S.W.3d 763, 768 (Tex. App.--Houston [1st Dist.] 2004, no pet.). The trial court could
simply have disbelieved appellant's testimony. Accordingly, viewing the evidence
in a neutral light, we hold that the evidence is not against the great weight and
preponderance of the evidence and is thus factually sufficient to support the trial
court's implicit finding of fraud. 

 Additionally, appellant argues that the settlement agreement was not
enforceable because it was "not 'signed, and filed with the papers as part of the
record.'" See Kennedy v. Hyde, 682 S.W.2d 525, 526 (Tex. 1984); see also Tex. R.
Civ. P. 11 (stating, "Unless otherwise provided in these rules, no agreement between
attorneys or parties touching any suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in open
court and entered of record."). However, appellee was not seeking to enforce the
settlement agreement; rather, he sought to recover the three payments that he had made
to appellant in accordance with a non-existent settlement agreement on which he was
fraudulently induced to pay money. The trial court rendered judgment in favor of
appellee, ordering appellant to reimburse appellee the $2,334 that appellee had been
fraudulently induced to make. Accordingly, the trial court did not enforce the
settlement agreement of the parties, rule 11 is simply inapposite. 

 We overrule appellant's second point of error. 

Attorney's Fees


 In his third point of error, appellant argues that "the trial court erred in awarding
such an excessive amount of attorney's fees." 

 We review the trial court's finding of the amount of reasonable and necessary
attorney's fees incurred for sufficiency of the evidence. See Carlile, 138 S.W.3d at
409. We must be mindful that we may not substitute our judgment for that of the
factfinder. C.M. Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 802 (Tex.
App.--Houston [1st Dist.] 2004, no pet.) When a party attacks the legal sufficiency
of an adverse finding on an issue that it did not have the burden to prove at trial, it
must demonstrate that there is no evidence to support the adverse finding. Carlile,
138 S.W.3d at 409. In reviewing a no-evidence issue, we consider all of the record
evidence in the light most favorable to the verdict and indulge every reasonable
inference from that evidence in support of the verdict. Id. If a party is attacking the
factual sufficiency of an adverse finding on which it did not have the burden of proof,
that party must demonstrate that there is insufficient evidence to support the adverse
finding. Id. at 410.

 Factors to be considered in determining the reasonableness of a fee include, but
are not limited to, (1) the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal service properly; (2) the
likelihood that the acceptance of the particular employment will preclude other
employment by the lawyer; (3) the fee customarily charged in the locality for similar
legal services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and length of
the professional relationship with the client; (7) the experience, reputation, and ability
of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or
contingent on results obtained or uncertainty of collection before the legal services
have been rendered. Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812,
818 (Tex. 1997) (citing Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex.
Gov't Code, tit. 2, subtit. G app. (State Bar Rules, art. X,§ 9)); C.M. Asfahl
Agency, 135 S.W.3d at 801-02 (quoting Andersen factors).

 Appellant argues that because there was no discovery on attorney's fees and the
trial lasted only two hours, the $9,500.00 award of attorney's fees was excessive. 
Appellant includes no record citations to support his argument. Appellant also does
not address any of the reasonableness factors to support his argument that the trial
court's award was excessive. Appellant cites to a federal case and merely states that
the attorney's fees are "unreasonably exorbitant and grossly unjust and do[es] not
comply with the twelve required factors of reasonableness set forth in Johnson v. Ga.
Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)."

 The record shows that appellee's counsel testified concerning appellee's
attorney's fees. See Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc., 754
S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.] 1988, writ denied); Goad v. Goad,
768 S.W.2d 356, 359 (Tex. App.--Texarkana 1989, writ denied) (noting that when
party's counsel has personal knowledge through representing client, counsel is
qualified at trial to give expert opinion testimony concerning attorney's fees incurred
in case). Appellee's counsel testified that his representation of appellee included the
following: discussing the case with appellee, preparing and filing a motion to enforce
the settlement agreement, negotiating with the constable and Okorafor regarding the
writ of execution that appellant had filed, communicating with appellant about the
case, preparing and filing the pleadings in this lawsuit, preparing and filing a response
to appellant's motion for summary judgment, and negotiating with appellant in court-ordered mediation. Appellee's counsel testified that his hourly rate is $250 per hour
and that he spent 38 hours on appellee's case. 

 Viewing the evidence in the light most favorable to the verdict, we hold that the
evidence is legally sufficient to support the trial court's award of attorney's fees. 
Having reviewed appellant's challenge and viewing the evidence in a neutral light, we
cannot say that the evidence that supports the award of attorney's fees is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. In addition, after having reviewed the record based on the Andersen factors
and "having also drawn upon our common knowledge and experience as lawyers and
judges," we likewise cannot say that the evidence that appellee offered fails to show
that the trial court's award was reasonable and necessary. See C.M. Asfahl Agency,
135 S.W.3d at 803; see also Arthur Andersen Co., 945 S.W.2d at 818. Accordingly,
we hold that legally and factually evidence supports the trial court's award of
attorney's fees so that the fees awarded were not excessive. 

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court. 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks. 
1. Although the judgment reflects "County Court at Law No. 4," it is erroneous
and should read "County Civil Court at Law No. 4." See Tex. Gov't Code
Ann. §§ 25.1031, 25.1032 (Vernon 2004).
2. Appellant's signature on the settlement agreement is not visible in the appellate
record.
3. Appellant's previous brief filed October 18, 2006 was struck because it did not
comply with the following rules of the Texas Rules of Appellate Procedure: (1)
rule 9.4(d) (line spacing), rule 38.1 (h) (insufficient record citations, i.e., not
given for each factual contention made), and (3) rule 38.1 (h) (insufficient
authority cited, with authority sometimes entirely lacking for specific
arguments). See Tex. R. App. P. 9.4(d), 38.1(h).