**DOTSON v. ALLEN et ux.**

No. 2989.

Court of Civil Appeals of Texas.
Eastland.

May 29, 1953.

Rehearing Denied June 19, 1953.

Smith & Smith, Anson, Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellant.

Byrd & Shaw and Cox, Bradbury & Montgomery, Abilene, for appellees.

LONG, Justice.

This is a boundary suit. William L. Allen and wife instituted this suit against J. L. Dotson in trespass to try title for the title and possession of a tract of land in Taylor County, Texas, described as follows:

"Lying and being situated in the County of Taylor, State of Texas, and being a part of Section No. Nine (9), in Block No. Two

**344**

(2), of the S. P. RR. Co. Lands in said Taylor County, Described by metes and bounds as follows:

"Beginning at the SE cor. of said Sec. 9, for the SE and beginning corner of this tract.

"Thence N 15 deg. W., with the EBL of said Sec. 9, a distance of 256 varas to a point for corner;

"Thence S 75 deg. W., parallel with the SBL of said Sec. 9, a distance of 1530 varas to a point for corner;

"Thence S 15 deg. E Parallel with the EBL of said Sec. 9, a distance of 256 varas to a point in the SBL of said Sec. 9, for the SW Corner of this tract;

"Thence N 75 deg. E., with the SBL of said Sec. 9, a distance of 1530 varas to the place of beginning, and containing 69.3 acres of land, more or less."

Allen and wife owned a tract of land in Section 9, Block 2, S. P. RR. Co. Survey in Taylor County and Dotson owned an adjoining tract located in the J. S. Morrow Pre-emption Survey. The Morrow Survey is junior to the S. P. RR. Co. Survey No. 9. The trial court followed the commendable practice of having a pre-trial hearing. Upon this hearing it was agreed that Allen and wife had good title to the land located in Section 9 and that Dotson had good title to the land located in the Morrow Pre-emption Survey; that the issue in the case was the true location on the ground of the south boundary line of Section 9. Upon the trial the court submitted the following special issue:

"Do you find from a preponderance of the evidence that the line as surveyed by John A. White is the correct south boundary line of Section 9, Block 2, S. P. RR. Co. Land in Taylor County, Texas. Answer 'It is' or 'It is not.' Answer: It is."

Judgment was rendered for Allen and wife for the title and possession of the land involved. From this judgment Dotson has appealed.

Appellant urges in his point one that the court erred in rendering judgment for appellees because of the insufficiency of the description of the land contained in the petition of appellees. We find no merit in this point. Appellant did not except to the petition and did not contend during the trial that the description therein was insufficient. It is conclusively established from this record that the parties were fully advised as to the land which was in controversy. The controlling issue in the case was the location of the true south boundary line of Section 9. Rule 90, Texas Rules of Civil Procedure, provides, in part, every defect, omission, or fault in pleading either of form or of substance which is not specifically pointed out by motion or exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury, shall be deemed to have been waived by the party seeking reversal on such point. R.C.P. 67 provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

Appellees described the land as being situated in Taylor County, State of Texas, and as a part of Section 9, Block 2, S. P. RR. Co. Land and by metes and bounds. This description, we think, especially in the absence of any exception or objection thereto, was sufficient.

By other points appellant contends the court erred in submitting special issue No. 1 to the jury and in rendering judgment for appellees because the judgment did not conform to the pleadings. It is appellant's contention that special issue No. 1 is not the proper way of submitting a boundary question and that it is insufficient as a basis for rendering any judgment in this case. Appellant relies upon the case by this court of Southern Pine Lumber Co. v. Whiteman, 104 S.W.2d 635, 637. It was there held that the following special issue was not the correct way to submit the question of boundary:

"Do you find from a preponderance of the evidence that the true line between the R. K. Gentry Survey and the Nichols Newton Survey is as contended by the plaintiffs?"

This opinion was written prior to the adoption of our present Rules of Civil

Procedure. If it should be held that issue No. 1 as submitted by the court is not proper and not sufficient upon which to base a judgment, in the absence of an exception or objection thereto, the deficiency, if any, in the finding of the jury will be supplied by a presumed finding of the court in such a manner as to support the judgment if there is evidence to support. such findings. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853; Bradley v. McKinzie, Tex.Civ.App., 226 S. W.2d 458; Dakan v. Humphreys, Tex.Civ. App., 190 S.W.2d 371; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Appellant did not object or except to special issue No. 1.

R.C.P. 279 provides, in part, that if one or more of the issues necessary to sustain a ground of recovery or of defense and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without objection, and there is evidence to support a finding thereon, such omitted issue shall be deemed as found by the court in such manner as to support the judgment. Special issue 1 inquired of the jury whether the line as surveyed by John A. White was the true boundary line between the parties. There was introduced in evidence a plat showing the location of the boundary as surveyed by Mr. White. He testified fully in the case and there is no question from the evidence but what the boundary line as surveyed by him can be definitely ascertained. We will then presume that the trial court found from the evidence the location of the line surveyed by John A. White. There is ample evidence to support this implied finding. In Southern Pine Lumber Co. v. Whiteman, supra, the verdict did not furnish a means of locating the boundary on the ground. Not so in this case. The answer of the jury found that the line as surveyed by John A. White was the true boundary line and the court, from that finding, could look to the evidence and ascertain with certainty the true location of the boundary as surveyed by him.

We find no material variance between the description in appellees' petition and in the judgment. The main difference is that the width of the tract of land as called for in the judgment is not as great as that called for in the petition, but we do not find such a variance between the two descriptions as would work a reversal. It seems to us that the case has been fairly tried. The parties agreed as to what the issue was. There were no exceptions to the pleadings and none to the court's charge. We find no reversible error in any of the points raised by appellant and they are hereby overruled.

The judgment of the trial court is affirmed.