**65**

Concepcion VARGAS, Appellant,

v.

Pete VACA, Appellee.

No. 14220.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1964.

M. M. Pena, Jr., San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Pete Vaca against Concepcion Vargas, a single woman, his next-door neighbor, seeking to establish the boundary line between their adjoining properties. He had lived on the lot known as 2416 Monterrey Street, and Concepcion Vargas had lived on the lot known as 2420 Monterrey Street in San Antonio, Texas, for a number of years. The fence which separated their lots had been there for more than fourteen years. In the summer of 1962 Vaca decided to build a new fence separating the two properties. The dispute arose between them as to the correct boundary line. A survey seemed to show that the old fence was some two feet on the land of Concepcion Vargas. Plaintiff originally instituted the suit for an injunction to restrain defendant from interfering with his building the new fence along the same line where the old fence stood, but later filed a trial amendment and made a trespass to try title suit out of the cause. The trial court rendered judgment in favor of Vaca and Concepcion Vargas has prosecuted this appeal.

Appellant contends that the court erred in rendering judgment for appellee, because his pleadings did not describe the strip of land in dispute by metes and bounds or with sufficient certainty. Appellant points out that Rule 783, Texas Rules of Civil Procedure, which sets out the requirements of a petition in a trespass to try title suit, provides in part as follows:

"(b) A description of the premises by metes and bounds, or with sufficient

certainty to identify the same, so that from such description possession thereof may be delivered, and state the county or counties in which the same are situated."

It is true that appellee's original pleadings did not so describe the strip of land in dispute, but after the evidence had been introduced, the trial court permitted appellee to file a second trial amendment which contained a sufficient description of the land in dispute.

Appellant contends that the court erred in permitting the trial amendment. We overrule this contention. It is apparent from the record that both parties were sufficiently aware of the strip of land in dispute and of its location. Rule 795, T.R.C.P., provides that in a trespass to try title suit the trial shall be conducted according to the rules of pleading, practice and evidence in other civil cases. Under the provisions of Rules 67 and 90, T.R.C.P., the court did not abuse its discretion in permitting the filing of this trial amendment. McDonald Texas Civil Practice, Vol. 2, § 618, p. 583.

Furthermore, appellant did not except to the court's action in permitting the filing of the trial amendment. She did not show she was prejudiced thereby; she did not ask to withdraw her announcement of ready, nor did she ask to re-open the case and offer further evidence. Under such circumstances she failed to show that she was prejudiced by the court's permitting the filing of the trial amendment. Dotson v. Allen, Tex.Civ.App., 259 S.W.2d 343; McDonald Texas Civil Practice, Vol. 2, § 8.07, p. 798 pocket parts; 3 Tex.Jur. 2d, § 120, p. 389.

Appellant also contends that the evidence was insufficient to show adverse possession of the strip of land in dispute for more than ten years. Appellant did not ask the trial court to make and file findings of fact or conclusions of law, and therefore "all disputed issues of fact must be resolved in favor of the judg-ment and all evidence in conflict therewith must be disregarded." Collingsworth v. King, 155 Tex. 93, 283 S.W.2d 30, 32; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065.

The evidence shows that appellee and his wife have occupied the premises at 2416 Monterrey Street for more than eighteen years, using and enjoying them as their home. Appellant has not set forth any evidence which tends to contradict these facts. We are of the opinion that the evidence is sufficient to show that appellee has been in adverse possession of the entire premises at 2416 Monterrey Street, using and enjoying them, including the strip in dispute herein. The evidence was sufficient to support the judgment of the trial court, and accordingly such judgment is in all things affirmed.