**Rush McGINTY, Appellant,**

v.

**MODERN FILM EFFECTS, INC., Appellee.**

**No. 12581.**

Court of Civil Appeals of Texas, Austin.

June 15, 1977.

Rehearing Denied July 6, 1977.

Ruth B. Pennebaker, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Thomas H. Watkins, Watkins, Ledbetter & Hays, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee, Modern Film Effects, Inc., sold merchandise on credit to U.F.I., doing business as United Film International. A guaranty agreement was executed by appellant, Rush McGinty, to guarantee any and all indebtedness of U.F.I. to appellee. Subsequently, appellee filed this suit in sworn account against U.F.I. for the balance due on the account, and joined appellant therein as guarantor. The case was tried to the court and judgment was rendered for ap-

pellee, jointly and severally, against U.F.I. and appellant. Rush McGinty was the only defendant to appeal from this judgment. We affirm.

At trial, appellee introduced a sworn account as proof of U.F.I.'s indebtedness pursuant to Tex.R.Civ.P. 185. As U.F.I. had failed to appear or to answer at the trial, the court entered a default judgment against it. The court then entered the judgment complained of here against appellant.

Appellant contends that a sworn account cannot be used to prove a debt against one who is a stranger to the transaction, as it is hearsay as to the third party, citing cases.[1]

■ We agree but the rule is not applicable under the circumstances of this case. Appellant requested no findings of fact or conclusions of law, so if there is evidence to support the judgment of the trial court on any theory of the case, the judgment of the trial court should be affirmed and every issue raised by the testimony must be resolved in support of the judgment. See *Nichols v. Acers*, cited in the footnote herein. Consequently, we presume that when the court charged appellant with U.F.I.'s debt on the guaranty, it based its decision on the judgment against U.F.I. that it had entered and not upon the sworn account itself.

In *Sampson v. Apco Oil Corp.*, 476 S.W.2d 430 (Tex.Civ.App.1972, no writ), the court set out three elements necessary to prove a cause of action against a guarantor such as appellant: first, that the guarantor had executed the guaranty agreement; second, that the guaranty agreement had not been terminated; and third, that the principal was indebted to the plaintiff in a certain amount that was due and unpaid.

In the case at bar, there is no dispute as to the first two requirements. Consequently, as there is sufficient evidence to support the implied finding by the court that the principal, U.F.I., was indebted to appellee, we affirm the judgment.

1. *Sampson v. Apco Oil Corp.*, 476 S.W.2d 430 (Tex.Civ.App.1972, no writ); *Texas Co. v. Lee*, 157 S.W.2d 628 (Tex.1941); *Nichols v. Acers*

*Co.*, 415 S.W.2d 683 (Tex.Civ.App.1967, writ ref. n. r. e.).