ACCEPTED
07-15-00029-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/15/2015 4:35:56 PM
Vivian Long, Clerk

# CAUSE NO. 07-15-00029-CV

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/15/2015 4:35:56 PM
VIVIAN LONG
CLERK

## IN THE SEVENTH DISTRICT COURT OF APPEALS

## AT AMARILLO, TEXAS

### TIMOTHY PARRISH, APPELLANT

v.

### TRISHA DUNAHOO, APPELLEE

### APPEALED FROM THE 146TH DISTRICT COURT OF

### BELL COUNTY, TEXAS

### BRIEF OF APPELLEE

**BOBBY DALE BARINA**
Texas Bar No. 01738480
455 East Central Texas
Expressway, Suite 104
Harker Heights, Texas 76548
Tel: 254-699-3755
Fax: 254-699-1074
BobbyDaleBarina@Barinalaw.com

**ATTORNEY FOR
TRISHA DUNAHOO,
APPELLEE**

**APPELLEE REQUESTS ORAL ARGUMENT.**

## IDENTITY OF PARTIES AND COUNSEL

Appellee, TRISHA DUNAHOO, submits the following list of all parties and counsel pursuant to Tex. R. App. P. 38.1(a):

**Appellant:**
**Timothy Parrish**

| | |
|---|---|
| Daniel Corbin | *Appellate Counsel* |
| Texas Bar No. 04814300 | *And Trial Counsel* |
| Ashley Clapper | *for Appellant* |
| Texas Bar No. 24076317 | |
| Corbin & Associates, P.C. | |
| 603 North 8th Street | |
| Killeen, Texas 76541 | |
| Phone: 254-526-4523 | |
| Fax: 254-526-6711 | |
| Email: legal@corbinlegalteam.com | |

**Appellee:**
**Trisha Dunahoo**

| | |
|---|---|
| Brett H. Pritchard | *Trial Counsel for* |
| Texas Bar Number 24010324 | *Appellee* |
| The Law Office of Brett H. Pritchard | |
| 1201 South W.S. Young Drive | |
| Killeen, Texas 76542 | |
| Phone: 254-501-4040 | |
| Fax: 254-953-1360 | |
| Email: Brett@bpattorney.com | |

| | |
|---|---|
| Bobby Dale Barina | *Appellate Counsel for* |
| Texas Bar Number 01738480 | *Appellee* |
| Bobby Dale Barina | |
| 455 East Central Texas Expressway, | |
| Suite 104 | |
| Harker Heights, Texas 76548 | |
| Phone: 254-699-3755 | |
| Fax: 254-699-1074 | |
| Email: BobbyDaleBarina@barinalaw.com | |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................................2

TABLE OF AUTHORITIES.....................................................4

STATEMENT ON ORAL ARGUMENT ....................................6

ISSUES PRESENTED FOR REVIEW ...................................7

STATEMENT OF FACTS....................................................8

APPELLANT ARGUMENT I:    The district court did not have subject matter jurisdiction to remove the provision ending the award of military retirement because it modified an unambiguous substantive property division from the divorce decree and the 2008 domestic relations order…………………………………………………12

RESPONSE TO APPELLANT ARGUMENT I:    The Trial Court retains subject matter of the Domestic Relationship Order under Chapters 9.104 and 9.1045 of the Texas Family Code. Under these chapters, the court can amend the Domestic Relationship Order……..12

APPELLANT ARGUMENT II:    The District Court erred in emoving the end of award provision for the Domestic Relations Order because a collateral attack was barred by Res Judicata……………...…19

RESPONSE TO APPELLANT ARGUMENT II:    The Trial Court did not err when he clarified the Domestic Relations Order………………...19

PRAYER    .................................................................................22

CERTIFICATE OF COMPLIANCE.....................................................23

CERTIFICATE OF SERVICE..............................................................23

APPENDIX TO BRIEF OF APPELLEE, TRISHA DUNAHOO ............24

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

Guevara v. H.E. Butt Grocery Co.,
82 S.W.3d 550 (Tex. App. 2002) ..................................................................12

Harmon v. Harmon,
879 S.W.2d 213 (Tex. App. 1994) ............................................18, 21

In re N.T.P.,
402 S.W.3d 13 (Tex. App. 2012) .......................................................16

McGinty v. Modern Film Effects, Inc.,
553 S.W.2d 21 (Tex. Civ. App. 1977) ........................................18, 21

Pearcy v. Pearcy,
884 S.W.2d 512 (Tex. App. 1994) ....................................................16

Quijano v. Quijano,
347 S.W.3d 345 (Tex. App. 2011) ....................................................13

Shanks v. Treadway,
110 S.W.3d 444 (Tex. 2003)......................................................14, 20

Texas Natural Res. Conservation Comm'n v. IT-Davy,
74 S.W.3d 849 (Tex. 2002)..............................................................12

Vargas v. Vaca,
376 S.W.2d 65 (Tex. Civ. App. 1964) ........................................18, 21

Williams v. Kaufman,
275 S.W.3d 637 (Tex. App. 2009) ............................................18, 21

**Statutes**

Tex. Fam. Code Ann. § 9.007(a) (West) ....................................................15

Tex. Fam. Code Ann. § 9.007(b) ...............................................................15

Tex. Fam. Code Ann. § 9.008 ....................................................................16

Tex. Fam. Code Ann. § 9.008(b) ........................................................14, 16

Tex. Fam. Code Ann. § 9.104 (West 2006) ..............................................15

Tex. Fam. Code Ann. §§ 9.002, 9.006(a), 9.008 (West) ..........................14

**Rules**

Tex. R. App. P. 38.1(a) ..............................................................................2

Tex. R. App. P. 9.4(i)(1) ..........................................................................24

Tex. R. Civ. P. 296 .............................................................................. 17, 20

Tex. R. Civ. P. 296-299 ....................................................................... 17, 20

Tex. R. App. P. 9.4(i)(1)…………………………………………………………23

## STATEMENT ON ORAL ARGUMENT

Appellee, Trisha Dunahoo, requests this Court to grant oral argument. Oral argument would provide the Court with a more complete understanding of the facts presented in this appeal and would significantly aide the Court in analyzing the legal circumstances of this case.

## ISSUES PRESENTED FOR REVIEW

**Issue 1:** Did the District Court have subject matter jurisdiction to remove the End of Award provision thereby modifying the award of property as originally set out in the Final Decree of Divorce and the 2008 Domestic Relations Order?

**Response to Issue 1:** The District Court had subject matter jurisdiction to clarify the Domestic Relations Order.

**Issue 2:** Was the removal of the End of Award provision from the 2008 Domestic Relations Order barred by res judicata and therefore an error for the District Court remove the provision.

**Response to Issue 2:** Res Judicata did not bar the Trial Court from Clarifying the 2008 Domestic Relations Order.

# STATEMENT OF FACTS

Volume 1 of 1

This case was heard before the Honorable Jack W. Jones, Jr. on May 6, 2014. The court called the case and proceeded to address the matter of the clarification of a prior order. This Motion for filed by father as he is referred to as the Movant. (1R.R. at 4) The following are the summary the statements made by counsel and the court. The mother, referred to as the Respondent, presented her own motion to clarify the DRO. (1R.R. at   ) The case was heard on argument alone without witnesses. (1R.R. at 4).

MOVANT'S ARGUMENT (1R.R. at 4)

The parties were divorced on April 30, 2008 and the final decree and the DRO was signed the same day. (1R.R. at 5) At the time of the divorce the parties had been married for 13 years and 4 months. This equaled 160 months of marriage. The movant retired December 2011. The Movant's request was to have the trial court amend or clarify the DRO to reflect to that the wife receive a lower percentage of the father, service member's, retirement. (1R.R. at 6)

Counsel for the Movant then addressed the Respondent's request for relief. (1R.R. at 6) The movant stated that the original domestic relations order, herein after referred to as DRO. (CR. at  ) had an end date to her receiving her portion of the military retirement. It was stated as "end date of her award". (1R.R. at 6) The wife was awarded retirement of 13 years and four months. The movant requested that the court leave the ending date intact in the order. The theories that they relied upon was res judicata and that the agreement was contractual. The respondent is requesting the court to remove the end date on the DRO. (1R.R. at 6)

RESPONDENT'S ARGUMENT (1R.R. at 6)

The respondent filed a Motion to Amend the Domestic Relationship Order. (1R.R. at 9) The court has jurisdiction of the Domestic Relationship Order under Chapters 9.104 and 9.1045 of the Texas Family Code. Under these chapters, the court can amend the Domestic Relationship Order. (1R.R. at 9)

Her argument is that the divorce decree and the DRO were signed at the same time. (1R.R. at 9) That the divorce decree is the substantive document and contract of the parties and the DRO is not. The original

9

petition for divorce did not plea for a disproportionate share of property. Nor did they plea to divest the Respondent of separate property. (1R.R. at 9) The separate property was her portion of the military retirement. (1R.R. at 9) She states that the DRO is not protected by the theory of res judicata, because the court retains jurisdiction to amend the DRO. (1R.R. at 10) Furthermore she adds that the divorce decree doesn't allow a disproportionate share of the property and that the divorce decree did not included any findings that divested her of separate property. Additionally that the DRO is an effectuating order that effects the Divorce Decree. (1R.R. at 10) The DRO is not contractual (1R.R. at 11)

MOVANT'S REBUTTAL ARGUMENT (1R.R. at 12)

The Movant responded that the decree was the result of an agreement of the parties. (1R.R. at 12) That parties can and do contract away separate property rights. (1R.R. at 13) The court did not divest her of her separate property rights she contracted them away. (1R.R. at 14)

RESPONDENT'S REBUTTAL ARGUMENT (1R.R. at 15)

The again reiterates that the DRO was an effectuating document and that it was not incorporated by reference into the decree of divorce. (1R.R. at 16) She again points out 9.101 and 9.1045. (1R.R. at 16)He requested that the court enter a correct DRO. (1R.R. at 17)

The parties agreed that if she testified she would say that her intention at the time of the divorce was to receive (1R.R. at 18) the standard division of the retirement benefits. (1R.R. at 19)

**Appellant's Argument I**

**The district court did not have subject matter jurisdiction to remove the provision ending the award of military retirement because it modified an unambiguous substantive property division from the divorce decree and the 2008 domestic relations order.**

**Response to Appellant Argument I:**

**The Trial Court retains subject matter of the Domestic Relationship Order under Chapters 9.104 and 9.1045 of the Texas Family Code. Under these chapters, the court can amend the Domestic Relationship Order.**

## ARGUMENT AND AUTHORITIES

The Trial Court had the jurisdiction to review and clarify the 2008 domestic relationship order. The issue of jurisdiction in this case turns on whether the Clarification Order was a modification of the Domestic Relationship Order or simply a clarification of the Domestic Relationship Order.

In the instant case the court clarified the Domestic Relations Order to allow it to be enforceable.

**Standard of Review.**

Whether a trial court has jurisdiction is a question of law that we review de novo. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Guevara v. H.E. Butt Grocery Co., 82 S.W.3d

12

550, 551 (Tex. App. 2002).

A Domestic Relations Order, such as the one here, "is a species of post-divorce enforcement order." Quijano v. Quijano, 347 S.W.3d 345, 353 (Tex. App. 2011)(Tex.App.-Houston [14th Dist.] 2011, no pet.). The purpose of a Domestic Relations Order is to create or recognize an alternate payee's right, or to assign an alternate payee the right, to receive all or a portion of the benefits payable to a participant under a retirement plan. Id. at 353–54. The purpose is not to award separate property or to divest a party of property. A trial court that renders a divorce decree generally retains the power to enforce or clarify the property division approved of or contained in the decree. Tex. Fam. Code Ann. §§ 9.002, 9.006(a), 9.008 (West). The court may enter a clarifying order to enforce compliance with the original division of the property. Tex. Fam. Code Ann. § 9.008(b); *see also* § 9.1045(a) (providing that a "court that renders a qualified domestic relations order retains continuing, exclusive jurisdiction to amend the order to correct the order or clarify the terms of the order to effectuate the division of property ordered by the court"). However, after its plenary power expires, a court may not alter, amend, or modify the substantive division of property in

13

the decree. Tex. Fam. Code Ann. § 9.007(a) (West); <u>Shanks v. Treadway</u>, 110 S.W.3d 444, 449 (Tex. 2003). An order that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce is beyond the jurisdiction of the trial court and is unenforceable. Tex. Fam. Code Ann. § 9.007(b).

The Final Decree of Divorce clearly states that under property to wife that:

> "IT IS ORDERED AND DECREED that the wife, Trisha Ann Parrish, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property: (CR at 27)

> W-8. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of TIMOTHY PARRISH's service in the United States Army, including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of TIMOTHY PARRISH's past, present, or future employment, except that portion of TIMOTHY PARRISH's U.S. military retirement that has been awarded in this decree to TIMOTHY PARRISH as more particularly specified in the domestic relations order signed coincident with this decree and incorporated verbatim in it by reference."

14

Therefore her separate property would be available to her through the Domestic Relations Order. The 2008 Domestic Relations Order set up a conflict that required clarification.

The 2008 Domestic Relations Order stated that the award of separate property would one day end and no longer be Trisha Dunahoo's Separate property. The Domestic Relations Order states:

> *"End of Award*
> IT IS ORDERED that the payment of the disposable retirement pay awarded in this order to TRISHA ANN PARRISH shall continue for 13 years and 4 months after it begins or until the death of TIMOTHY PARRISH or TRISHA ANN PARRISH, whichever event occurs first. (CR at 36)"

The appellant's argument that the trial court erred because there is no evidence or any finding that the original Domestic Relations Order's language was not specific enough to be enforceable by contempt or that the agency in charge of administering military domestic relations orders had any difficulty interpreting or implementing the Domestic Relations Order. The Family Code provides that if a plan administrator "determines that a domestic relations order does not satisfy the requirements of a qualified domestic relations order or similar order, the

court retains continuing, exclusive jurisdiction over the parties and their property to the extent necessary to render a qualified domestic relations order." Tex. Fam. Code Ann. § 9.104 (West 2006). However, nothing in the Family Code section pertaining to qualified domestic relations orders requires such a determination by a plan administrator as a prerequisite to clarification of the order. In re N.T.P., 402 S.W.3d 13 (Tex. App. 2012)

Additionally, there does not have to be a finding that the original order was not specific enough to be enforceable by contempt. Prior to the 2005 enactment of section 9.1045, courts looked to Family Code Tex. Fam. Code Ann. § 9.008, which provided that "[o]n a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property." Tex. Fam. Code Ann. § 9.008(b); *see* Pearcy v. Pearcy, 884 S.W.2d 512, 514 (Tex. App. 1994)(relying on prior version of Family Code Tex. Fam. Code Ann. § 9.008 to conclude clarification of division of military pay was improper because "there was neither an expressed nor implied finding that the division of military retirement was so unspecific that it could not be enforced by contempt."). However,

16

section 9.1045 provides that a "court that renders a qualified domestic relations order retains continuing, exclusive jurisdiction to amend the order to correct the order or clarify the terms of the order to effectuate the division of property ordered by the court." *Id.* § 9.1045(a). Nothing in section 9.1045 requires a finding that the original Domestic Relations Order was not enforceable by contempt as a prerequisite to clarification of the order.

Clearly the court had jurisdiction to clarify the Domestic relations Order.

**Failure to secure Findings of Facts and Conclusions of Law**

Timothy Parrish filed an untimely request that the trial court make findings of fact and conclusions of law, and later he failed to file a notice of overdue findings of facts and conclusions of law, and thus the trial court was not required to make them. See Tex. R. Civ. P. 296-299. The Domestic Relations Order that Timothy Parrish filed this appeal was entered on November 12, 2014 (C.R. at 219) and the twenty day deadline to request findings of facts and conclusions of law was December 2, 2014. See Tex. R. Civ. P. 296. Timothy Parrish filed his Request for Findings of Fact and Conclusions of Law on December 9, 2014. (C.R. at 225). The

17

courts have consistently held that the Trial court was not required to make findings of fact and conclusions of law in bench trial, when the request for findings of fact and conclusions of law was filed more than 20 days after judgment was signed. Williams v. Kaufman, 275 S.W.3d 637 (Tex. App. 2009), Harmon v. Harmon, 879 S.W.2d 213 (Tex. App. 1994), writ denied (Dec. 1, 1994), abrogated by Ratisseau v. Ratisseau, 44 S.W.3d 695 (Tex. App. 2001), rehearing denied, writ denied. Where appellant there are no findings of fact or conclusions of law, if there is evidence to support the judgment of the trial court on any theory of the case, the judgment should be affirmed and every issue raised by the testimony will be resolved in support of the judgment. McGinty v. Modern Film Effects, Inc., 553 S.W.2d 21 (Tex. Civ. App. 1977). Therefore all disputed issues of fact had to be resolved in favor of the judgment and all evidence in conflict therewith had to be disregarded where appellant did not ask the trial court to make and file findings of fact or conclusions of law. Vargas v. Vaca, 376 S.W.2d 65 (Tex. Civ. App. 1964).

In the instant case the parties agreed that if Trisha Dunahoo testified she would say that her intention at the time of the divorce was to receive (1R.R. at 18) the standard division of the retirement benefits.

(1R.R. at 19) This court should find that the facts and concluions support the court decision in this case. Based on the conflict between the decree and the 2008 Domestic Relations Order the court correctly clarified the Domestic Relations Order. Additionally the Trial Court had jurisdiction to clarify the Domestic Relations Order

The Court of Appeals should overrule the Appellant's argument and affirm the Trial Court's decision.

**Appellant's Argument II**

**The District Court erred in removing the end of award provision for the Domestic Relations Order because a collateral attack was barred by Res Judicata.**

**Response to Appellant Argument II:**

**The Trial Court did not err when he clarified the Domestic Relations Order.**

## ARGUMENT AND AUTHORITIES

The Trial Court had the jurisdiction to review and clarify the 2008 domestic relationship order. The issue of jurisdiction in this case turns on whether the Clarification Order was a modification of the Domestic Relationship Order or simply a clarification of the Domestic Relationship Order. In the instant case the court clarified the Domestic Relations Order to allow it to be enforceable. Once this court determines

19

that the Trial Court clarified the order and then the court may enter a "clarifying order". Tex. Fam.Code § 9.008(b), a court "may not amend, modify, alter, or change the division of property made or approved in the decree of divorce. <u>Shanks</u>, 110 S.W.3d 444 Therefore the issue of Res Judicata does not apply in this case, and this was not a collateral attack.

**Failure to secure Findings of Facts and Conclusions of Law**

Timothy Parrish filed an untimely request that the trial court make findings of fact and conclusions of law, and later he failed to file a notice of overdue findings of facts and conclusions of law, and thus the trial court was not required to make them. See Tex. R. Civ. P. 296-299. The Domestic Relations Order that Timothy Parrish filed this appeal was entered on November 12, 2014 (C.R. at 219) and the twenty day deadline to request findings of facts and conclusions of law was December 2, 2014. See Tex. R. Civ. P. 296. Timothy Parrish filed his Request for Findings of Fact and Conclusions of Law on December 9, 2014. (C.R. at 225). The courts have consistently held that the Trial court was not required to make findings of fact and conclusions of law in bench trial, when the request for findings of fact and conclusions of law was filed more than 20

days after judgment was signed. Williams, 275 S.W.3d 637, Harmon, 879 S.W.2d 213, rehearing denied, writ denied. Where appellant there are no findings of fact or conclusions of law, if there is evidence to support the judgment of the trial court on any theory of the case, the judgment should be affirmed and every issue raised by the testimony will be resolved in support of the judgment. McGinty, 553 S.W.2d 21. Therefore all disputed issues of fact had to be resolved in favor of the judgment and all evidence in conflict therewith had to be disregarded where appellant did not ask the trial court to make and file findings of fact or conclusions of law. Vargas, 376 S.W.2d 65.

In the instant case the parties agreed that if Trisha Dunahoo testified she would say that her intention at the time of the divorce was to receive (1R.R. at 18) the standard division of the retirement benefits. (1R.R. at 19) This court should find that the facts and concluions support the court decision in this case. Based on the conflict between the decree and the 2008 Domestic Relations Order the court correctly clarified the Domestic Relations Order. Additionally the Trial Court had jurisdiction to clarify the Domestic Relations Order

The Court of Appeals should overrule the Appellant's argument and affirm the Trial Court's decision.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, TRISHA DUNAHOO, Appellant, requests this Court to AFFIRM in all things the November 12, 2014 Domestic Relations Order. TRISHA DUNAHOO prays for all other relief to which she is entitled.

Respectfully submitted,

/s/ Bobby Dale Barina
Bobby Dale Barina
Texas Bar No. 01738480
455 East Central Texas Expressway,
Suite 104
Harker Heights, Texas 76548
Tel: 254-699-3755
Fax: 254-699-1074
BobbyDaleBarina@BarinaLaw.Com
ATTORNEY FOR TRISHA
DUNAHOO

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 2,769 words, as determined by the Tex. R. App. P. 9.4(i)(1), computer software's word-count function, excluding the sections of the document listed in

/s/ Bobby Dale Barina
Bobby Dale Barina

## CERTIFICATE OF SERVICE

I certify that on May 15, 2015, I served a copy of Brief of Appellee on Ashley Clapper, counsel for Appellant, by fax at 254-526-6711 respectively.

/s/ Bobby Dale Barina
Bobby Dale Barina